SUSAN M. CHEHARDY, Judge.
UOn appeal, Matthew DeSalvo and his liability insurer are appealing two separate judgments: first, the trial court’s grant of a new trial in favor of plaintiff, Royal Babin, and, second, the judgment in favor of plaintiff, Rachel Babin. Additionally, second appellant, Royal Babin, appeals the original judgment in favor of DeSalvo and his insurer. Moreover, Mrs. Rachel Babin moves for dismissal of DeSalvo’s appeal of judgment in her favor as untimely. Based on the following, we dismiss this appeal and remand for further proceedings.
On January 7, 2006, Royal and Rachel Babin’s vehicle was rear-ended by a vehicle driven by Matthew DeSalvo. As a result of this accident, the Babins filed a personal injury lawsuit against DeSalvo, his automobile liability insurer, and their uninsured motorist coverage carrier. In this particular situation, State Farm Mutual Automobile Insurance Company(“State Farm”) represented DeSalvo as his liabili *101 ty insurer and the Babins as their UM carrier.
The matter came for trial on March 14, 2010. Before trial commenced, Rachel Ba-bin stipulated that her damages were under $50,000.00 so her claims |4were tried by the trial judge.[1] At the conclusion of the trial, the district court entered a Judgment in favor of Mrs. Rachel Babin and against Mr. DeSalvo and his liability insurer. The Judgment, with respect to Mrs. Babin’s claims was signed on April 6, 2010. Notice was mailed by the clerk on April 7, 2010. Neither Mrs. Babin nor DeSalvo and his liability insurer filed a Motion for Judgment Notwithstanding the Verdict or Motion for New Trial regarding the Judgment as to her claims.
Mr. Royal Babin’s claims, however, were tried by the jury, which returned a verdict in favor of Mr. DeSalvo and against Mr. Babin. On April 6, 2010, the district court adopted the jury’s verdict and signed a Judgment to that effect.
On April 14, 2010, Mr. Royal Babin filed a Motion for Judgment Notwithstanding the Verdict (“JNOV”) and/or Motion for New Trial. After a hearing, the trial court granted both Mr. Babin’s Motion for JNOV and Motion for New Trial on August 17, 2010.
On August 31, 2010, Mr. DeSalvo and his liability insurer filed a Motion and Order for Appeal seeking review of the April 6, 2010 Judgment in favor of Mrs. Babin and the August 17, 2010 grant of Mr. Babin’s Motions for JNOV and New Trial. On September 2, 2010, the trial judge granted Mr. DeSalvo’s suspensive appeal of both judgments.
On October 4, 2010, State Farm in its capacity as UM carrier for the Babins, moved to appeal the trial judge’s grant of the JNOV and new trial in favor of Mr. Royal Babin. The motion to appeal was granted on October 7, 2010.
Just to complete the confusion, Mr. Royal Babin subsequently moved to appeal the April 6, 2010 judgment dismissing his claims. In his Motion for | ¡Appeal, Mr. Babin also requested, with respect to the JNOV and Motion for New Trial, that the matter be remanded “for further proceedings to determine the Court’s intent.”
On October 14, 2010, the trial judge granted Mr. Babin’s motion to appeal and also ordered that the matter be remanded “to the District Court for further proceedings to determine the Court’s intent when it granted the plaintiff Royal Babin’s post trial motion.” This appeal was lodged with this Court on February 23, 2011.
On March 4, 2011, the Babins moved to dismiss DeSalvo’s appeal of Mrs. Rachel Babin’s claims because DeSalvo’s appeal of the April 6, 2010 judgment was untimely. DeSalvo contends that his appeal of both judgments was timely because, under La. C.C.P. art. 2123, the time delay for filing a motion for appeal did not begin to run for either Mr. Royal Babin or Mrs. Rachel Babin’s claims until after the trial judge ruled on Mr. Royal Babin’s Motion for JNOV and/or New Trial.
Based on the following reasons, we find that all appeals in the above-entitled matter are dismissed as premature. Here, the trial judge granted Mr. Royal Babin’s judgment notwithstanding the judgment and/or new trial. We find that this judgment, which granted either the motion for judgment notwithstanding the judgment or *102 new trial or both motions, does not contain language specific enough to determine the relief that the trial court granted. In the similar case of Input/Output Marine Systems, Inc. v. Wilson Greatbatch, Technologies, Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, this Court dismissed the appeal without prejudice. The Court held:
‘A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.’ La. C.C.P. art. 1841. This court cannot determine the merits of an | (¡appeal unless our jurisdiction is properly invoked by a valid final judgment. A final judgment shall be identified as such by appropriate language.’ La. C.C.P. art. 1918.
A valid judgment must be precise, definite and certain. The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment.
A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment.
10A77 at 12-13, 52 So.3d at 915-916 (citations partially omitted; footnote omitted; quotations in original).
Here, we cannot determine whether the trial judge was granting a new trial or whether he was granting a judgment notwithstanding the judgment. And, if he meant to grant a judgment notwithstanding the verdict, the award was not specified. Thus, the “judgment” is fatally defective so there is no judgment. Since this court lacks jurisdiction in the absence of a final appealable judgment, all appeals and answers to appeals from the August 17, 2010 judgment are dismissed without prejudice.
Furthermore, we are remanding the motion for new trial and/or judgment notwithstanding the verdict to the trial court for a ruling. In light of the outstanding motions, Mr. Babin’s appeal from the prior jury verdict as well as his answers to appeals from that judgment are dismissed as premature because his post-trial motions have not been ruled upon by the trial judge.
With respect to the judgment in favor of Mrs. Babin, we note that appeal delays commence for all parties at the time they commence for the party whose [post-trial] motion is last to be acted upon by the trial court. La. C.C.P. art. 2123(B). Here, because we find that the ruling granting both post-trial motions |7does not constitute a valid judgment, we find that the motions have not been acted upon by the trial court. Consequently, the appeal delays from the April 6, 2010 judgment have not commenced for any party. Thus, we dismiss DeSalvo and State Farm’s appeal of Mrs. Babin’s claims as premature.
For these reasons, this appeal is dismissed in its entirety without prejudice. Costs are assessed against Mr. DeSalvo and State Farm. Finally, this matter is remanded to the trial court for further proceedings consistent with this ruling.
APPEALS DISMISSED; MATTER REMANDED.

. Further, once Mrs. Babin stipulated to damages less than $50,000.00, counsel for State Farm, in it capacity as UM carrier for Mrs. Babin, moved for and was granted dismissal with respect to her claims since Mr. DeSalvo carried liability coverage for damages up to $100,000.