JOHNSON, J.
|,In this automobile tort case, Plaintiffs appeal the granting of Defendant, Menda-kota Insurance Company’s, summary judgment. For the following reasons, we dismiss the appeal.
FACTS & PROCEDURAL HISTORY[1]
Plaintiffs, Wilmer Contreras, Ana Sauce-da, Carlos Moran, Jacky Osweld, Julio Vi *1188 dal, Elena Vidal and Franklin Flores, .filed suit on March 1, 2015 for damages allegedly sustained in an automobile accident that occurred on March 1, 2014. They named as defendants Hannah Vesper; her automobile liability insurer, Mendakota Insurance Company (“Mendakota”); and Old American County Mutual Fire Insurance Company (“Old American”) as the uninsured/un-derinsured motorist carrier.
On December 14, 2015, Mendakota filed a motion for summary judgment seeking dismissal of Plaintiffs’ claims against it on the basis there was no valid automobile liability policy in effect on the date of the accident. Specifically, Mendakota maintained that Ms. Vesper’s insurance policy was canceled two months prior to the accident based on her failure to renew the policy by paying the required premium. After a hearing, the trial court granted Mendakota’s motion for summary judgment. The day after the hearing, the trial court signed a judgment stating, “IT IS ORDERED, ADJUDGED AND DECREED that the Defendant, Mendakota Insurance Company’s Motion for Summary Judgment is GRANTED.”
Plaintiffs seek review of this judgment, claiming the trial court erred in granting summary judgment because Defendant failed to properly cancel the relevant insurance policy.
I JURISDICTION
We find we cannot reach the merits of this appeal because the judgment at issue lacks the necessary decretal language to render it a final and appealable judgment.
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La. C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. Babin v. State Farm Mutual Auto. Ins. Co., 11-192 (La.App. 5 Cir. 9/27/11), 76 So.3d 100, 102.
“A final judgment shall be identified as such by appropriate language.” La. C.C.P. art. 1918. A valid judgment must be precise, definite and certain. The decree alone indicates the decision. The result decreed must be spelled out in lucid, unmistakable language. The quality of definiteness is essential to a proper judgment. Babin, supra.
A final appealable judgment must contain decretal language that names the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Id. The specific relief granted should be determinable from the language of a judgment without reference to any other documents in the record. Id.
We find that the judgment at issue is defective in that it does not indicate what relief is granted. Rather, one must refer to the motion for summary judgment and assume that the relief granted by the judgment is that prayed for in the motion, i.e., the dismissal with prejudice of all of Plaintiffs’ claims against Mendakota. As stated earlier, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court’s ruling.
|sThe jurisprudence is clear that a judgment simply stating that a defendant’s motion for summary judgment “is granted,” is defective and cannot be considered a final judgment. See Holland v. Holland, 16-117 (La.App. 3 Cir. 4/6/16), 188 So.3d 484; Tomlinson v. Landmark American Ins. Co., 15-276 (La. App. 4 Cir. 3/23/16); 192 So.3d 153; Gaten v. Tangipahoa Parish School System, 11-1133 (La. *1189 App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074. In the absence of a final judgment, this court lacks appellate jurisdiction to review the matter. ,

DECREE

Accordingly, we dismiss this appeal without prejudice for lack of jurisdiction after finding the judgment at issue does not constitute a valid, final judgment because it lacks the required decretal language. We remand this matter for further proceedings consistent with this opinion. Costs of this appeal are to be shared equally between Plaintiffs and Mendakota.
APPEAL DISMISSED; MATTER REMANDED

. This appeal contains a designated record and, therefore, this Court is limited in its *1188 knowledge of the procedural history of the case.