MURPHY, J.
11 Claimant, Carl Gabriel, appearing in proper person, has appealed the November 2, 2016 judgment of the Workers’ Compensation Court which determined his average weekly wage and corresponding compensation rate. For the reasons that follow, we affirm the judgment of the Workers’ Compensation Court.
FACTS AND PROCEDURAL HISTORY
On August 25, 2008, claimant began working for defendant, Delta Airlines, Inc., as a “Ready Reserve” employee. On October 19, 2008, claimant was injured in the course and scope of his employment. On November 6, 2009, claimant filed a Disputed Claim for Compensation, asserting that defendant failed to properly pay indemnity benefits and authorized medical benefits. On February 23, 2011, claimant filed a *930 First Amended and Supplemental Disputed Claim for Compensation, adding new assertions and claiming that he is entitled to the maximum amount of compensation benefits. On October 31, 2011, the workers’ compensation court rendered a judgment finding claimant’s “average weekly wage shall be calculated using an hourly rate of $10.50 for a 40 hours work week, and it shall include claimant’s bonus and shared rewards from the employer.”[1] Defendant appealed this judgment, arguing that the workers’ compensation court erred in calculating the average weekly wage because claimant was a part-time employee and it was error to apply the 40-hour presumption in La. R.S. 23:1021(12)(a)(i) to increase the average weekly wage.[2] Gabriel v. Delta Air Lines, 12-428 (La.App. 5 Cir. 01/30/13), 106 So.3d 1285, 1292, writ denied, 13-0917 (La. 05/31/13), 118 So.3d 399. Finding no error in the workers’ compensation court’s application of the 40-hour presumption and calculation of claimant’s average weekly wage, this ruling was affirmed. Id.
On January 2, 2014, claimant filed a Disputed Claim for Compensation alleging, among other things, that his “Workers’ Compensation Rate is incorrect.” Claimant alleged that the compensation payments made to him were incorrect because they failed to include his “shared rewards” and bonus. It was agreed that this issue would be submitted to the workers’ compensation judge on briefs. On September 24, 2014, defendant submitted its brief arguing that its calculation of compensation payments was correct and included claimant’s shared rewards. However since claimant did not receive a bonus, a bonus was not included in the calculation. In support of its position, defendant submitted five exhibits: (1) a document given to employees explaining defendant’s shared rewards program, (2) claimant’s paychecks including check stubs dated September 23, 2008, September 30, 2008, October 15, 2008, and October 81, 2008 indicating the amount of hours worked, gross pay and net pay, (3) print outs from an online check inquiry documenting the payments made to claimant on September 23, 2008, September 30, 2008, October 15, 2008 and November 4, 2008, (4) claimant’s deposition taken May 8, 2014, and (5) a notice concerning employment as a ready reserve employee signed by claimant on July 21, 2008. Claimant moved to strike exhibit two arguing that this evidence had not been presented in the trial of his compensation claim and that it was uncertified and unauthenticated. Following a hearing on claimant’s motion to strike, the workers’ compensation judge granted claimant’s motion. Defendant sought supervisory review from this Court. Gabriel v. Delta Airlines, Inc., 15-76 (La. App. 5 Cir. 3/10/15)(unpublished writ disposition). This Court granted defendant’s writ application holding:
... this Court agrees that the issue of how to calculate Mr. Gabriel’s average weekly wage remains unresolved. Specifically, since the record thus far is silent and both parties disagree, the amount of | ¡/shared rewards’ and ‘bonus’ payments Mr. Gabriel received during his employment must be determined by the Workers’ Compensation Court. Before this determination is made, all parties shall be entitled to produce otherwise admissible evidence in support of their calculation of the average weekly wage. Based upon the record before us, we are unable to determine the basis upon which *931 the compensation judge excluded relator’s exhibit. Accordingly, the writ is granted, the ruling of the Workers’ Compensation Court striking Delta’s exhibit is vacated, and the matter is remanded for proceedings consistent herewith.
Id. In response to this Court’s writ disposition, the workers’ compensation court issued an order setting a hearing on the calculation of claimant’s average weekly wage stating “each party shall advise the court of their calculation of Mr. Gabriel’s average weekly wage and shall produce otherwise admissible evidence in support of their calculation of Mr. Gabriel’s average weekly wage.” On July 31, 2014, a hearing was held on calculation of the average weekly wage. At the hearing, the workers’ compensation judge asked claimant to present his evidence. Claimant, appearing in proper person, stated that he received a bonus in the amount of $1,175.01 and asked if he and defendant could stipulate to an average weekly wage. The court allowed the parties to go off of the record in an attempt to reach a stipulation. The parties were unable to reach a stipulation. Claimant agreed that his base weekly salary was $420.00. Claimant argued that he was paid weekly and that September 30,2008 check in the amount of $777.00 represented his base pay of $420.00 plus his shared rewards. Claimant stated that the October 15, 2008 check in the amount of $819.25 represented his base pay of $420.00 plus his shared rewards. Claimant argued that he received a bonus check in the amount of $1,175.04. Claimant explained that dividing the bonus check by four and adding it to the amounts in September 30 and October 15 checks, claimant arrived at $3,611.00, which divided by four gives an average weekly wage of $902.75.
Defendant agreed that claimant’s base weekly wage was $420.00. Defendant argued that claimant was paid bi-weekly based on the dates claimant |4was paid. Regarding shared rewards, defendant referred to exhibit one, which describes the shared rewards program and explained that the program provides for a maximum of $100 per month per individual in shared rewards if the group’s operational goals are met. Defendant also pointed out that at the trial on claimant’s claim for compensation, claimant testified that if they met a certain performance, they would get “an extra hundred dollars or so.” Defendant submitted exhibit number two, claimant’s paychecks and check stubs for the four weeks prior to the accident,[3] and pointed out to the court how these payments were broken down. Defendant explained that for the check dated October 15, 2008, gross earnings in the amount of $819.25, was for 68.5 hours of work plus shared rewards in the amount of $100. Defendant went on to argue that for the purposes of calculating the average weekly wage including the shared reward, applying La. R.S. 1021.12(d), the shared reward must be divided by the number of weeks claimant worked prior to the accident. Since claimant worked a total of 10.28 weeks prior to the accident, the $100 must be divided by 10.28 which results in $9.73. Defendant concluded that $9.73 should be added to the base wage of $420.00 to reach an average weekly wage of $429.73.
With regard to any bonus received by claimant, defendant argued that the October 31, 2011 judgment stated that bonus should be included in calculation of the average weekly wage but did not state that *932 claimant actually received any bonus. Defendant argued that pursuant to exhibit five, the document signed by claimant explaining that as a ready reserve employee, claimant would not receive any bonuses. Defendant further argued that the check dated November 4, 2008 is not a bonus, rather it is a nontaxable stock option which is not included in the calculation of average weekly wage pursuant to La. R.S. 2310.21.13(f). ^Alternatively, defendant argued that this amount was not earned in the four weeks prior to claimant’s accident and as such should not be included in- the average weekly wage.
.Claimant had- no objections to exhibits one, three, four and five.-Claimant reiterated his objection to exhibit two; the workers’ compensation judge overruled the objection and admitted this exhibit.
Claimant then argued that defendant did not comply with the provision of the ready reserve employee program prohibiting ready reserve employees from receiving additional compensation as evidenced' by the fact that he received a raise from $10.50 to $10.82 and shared rewards benefits. Claimant argued that there is no evidence that the November 4, 2008 check in the amount of $1,175.04 was a stock option. Claimant argued that the bonus in the amount of $1,175.04 was earned in the four weeks 'prior to his injury and should be divided by four and added to his base pay and shared rewards to calculate his average weekly wage.
At the conclusion of the hearing, the workers’ compensation judge took the matter under advisement and in response to claimant’s request, allowed the parties to file post-hearing memoranda. The arguments made at the hearing were repeated in the post-hearing memoranda, On October 28, 2015, the workers’ compensation judge issued reasons for judgment finding that claimant’s average weekly wage was $429.73. Claimant appealed this ruling. This Court dismissed the appeal and remanded the matter to the trial court, finding that there was not a valid appealable judgment. Gabriel v. Delta Air Lines, Inc., 16-210 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184. Following remand, the workers’ compensation judge rendered judgment dated November 2, 2016 stating in pertinent part: “the average Weekly wage of Employee, CARL GABRIEL, is $429.73 with a' corresponding compensation rate of $286.50.” Claimant has appealed that judgment.
IflLAW AND DISCUSSION
As discussed supra, in support of its calculation of claimant’s average weekly wage, defendant submitted exhibit two which contained copies of claimant’s paychecks and'stubs for the four wéeks prior to his 'injury’ indicating the amount' of hours worked and the sum paid. Claimant moved to‘ strike 'exhibit two arguing that this evidence had not been presented in the trial of his compensation claim and that it was uncertified and unauthenticated. Following a hearing on claimant’s motion to strike, the workers’ compensation judgment granted claimant’s motion. Defendant sought supervisory review of this ruling from this Court, which granted defendant’s writ application and vacated the judgment granting the motion to strike. In his first assignment of error, claimant argues that this- Court erred when it vacated the worker’s compensation court’s order striking defendant’s exhibit two.
In Pumphrey v. City of New Orleans, 05-979 (La. 4/4/06), 925 So.2d 1202, the Louisiana Supreme Court reiterated the judicial principle of “law of the case” stating:
With regard to an appellate court, the ‘law of the case’ refers to a policy by which the court will not, on a subsequent appeal,' reconsider prior rulings in the *933 same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law-of-the-case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
Id. at 1207 (quoting Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, 107 (La. 1972)).
^Claimant’s arguments on appeal to exclude exhibit two because it was “uncertified, unsworn, and unauthenticated” or that it could be stricken pursuant to the "uncalled witness rule” are the same as those raised in his opposition to defendant’s writ application in this Court. Gabriel v. Delta Airlines, Inc., 15-76 (La. App. 5 Cir. 3/10/15)(unpublished writ disposition). Claimant raised these arguments again in his application for rehearing and in denying rehearing, this Court again rejected these arguments. As noted by this Court in the writ disposition, both the October 31, 2011 workers’ compensation court judgment and this Court’s opinion addressing that judgment are silent as to the specific amount of shared reward or bonus to be used when calculating the average weekly wage. When claimant filed a disputed claim disagreeing with defendant’s determination of the amount of shared reward and bonus owed, the workers’ compensation court had to resolve the dispute. This Court’s holding that “all parties shall be entitled to produce otherwise admissible evidence in support of their calculation of the average weekly wage” was correct and did not result in any injustice. Accordingly, based on law-of-the-case claimant’s argument regarding exhibit two will not be revisited.
In his second assignment of error, claimant argues that the workers’- compensation court erred when it failed to apply the doctrine of res judicata to the issue of the inclusion of a bonus into calculation of his average weekly wage. This argument is based on claimant’s contention that the October 31, 2011 judgment made a finding that claimant had received a bonus from defendant during his employment. A review of the record indicates that neither the workers’ compensation court nor this Court made a finding that claimant actually received a bonus. In fact, in its application for rehearing, defendant specifically asked this Court to clarify and quantify claimant’s average weekly wage to determine what amount, if any, should be included regarding the bonus and shared rewards. This |RCourt refused to grant rehearing on this issue. Thus, there had been no prior determination by any court in this case that claimant had actually received a bonus. Accordingly, the workers’ compensation court did not err in refusing to apply the doctrine of res judicata.
In his third assignment of error, claimant argues that the workers’ compensation court erred in finding that he did not carry his burden of proving that he earned a bonus during his employment with defendant.
In support of his contention that he received a .bonus during his employment, claimant relies on an untitled document which is a printout from an “online check data inquiry.” This document indicates *934 that on November 4, 2008, claimant was issued a check in the amount of $1,175.04. He contends that this represents a bonus earned during the four weeks prior to his injury.
Defendant contends that this was not a bonus, rather, it was a nontaxable stock option and as such is not included in the calculation of average weekly wage. In support of this position, defendant points to the document signed by claimant that explains that as a “ready reserve” employee, claimant was not eligible to receive a bonus. Alternatively, defendant argues that this amount was not earned in the four weeks prior to claimant’s injury.
Appellate review of the judgment issued by a workers’ compensation court is subject to the manifest error or clearly wrong standard of review. Marange v. Custom Metal Fabricators, Inc., 11-2678 (La. 07/02/12), 93 So.3d 1253, 1259. Thus, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one based on the entire record. Id.
Defendant’s exhibit five entitled “Notice Concerning Employment as a Ready Reserve Employee” states that as a ready reserve employee, the “sole ^compensation will be a specific hourly pay rate.” The check stubs submitted with exhibit two clearly show that in addition to being paid an hourly rate, claimant was also paid shared rewards in the amount of $100. Defendant does not dispute that claimant was paid shared rewards. Further, defendant does not dispute that claimant was paid $1,175.04 in addition to payments made for the hours he worked. Thus, exhibit five does not support defendant’s contention that as a ready reserve employee, claimant could not have received a bonus.
Defendant contends that the November 4, 2008 check in the amount of $1,175.04 was a nontaxable stock option. Indeed the untitled document, submitted by both parties, which is a printout from an “online check data inquiry,” indicates that no taxes of any kind were withheld from this check. Taxes were withheld from all of the other checks issued to claimant by defendant. Pursuant to La. R.S. 23:1021(13)(f) any payment which is not taxable to an employee for federal income tax purposes shall not be included in the calculation of wages. There is no evidence that the payment of $1,175.04 was subject to federal income tax. Thus, the workers’ compensation court’s determination that the November 4, 2008 check in the amount of $1,175.04 should not be used in the calculation of claimant’s average weekly wage is reasonable in light of the entire record.
In his fourth assignment of error, claimant argues that the workers’ compensation court erred when it determined that the shared rewards should be calculated using La. R.S. 23:1021(13)(d) rather than La. R.S. 23:1021(13)(a)(i). Defendant contends that the court correctly calculated the shared rewards under La. R.S. 23:1021(13)(d).
La. R.S. 23:1021(13)(a)(i) provides:
“Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
| m(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater;
La. R.S. 23:1021(13)(d) provides:
*935 (d) Other wages. If the employee is employed on a unit, piecework, commission, or other basis, his gross earnings from the employer for the twenty-six week period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said twenty-six week period and multiplied by the average number of days worked per week; however, if such an employee has worked for the employer for less than a twenty-six week period immediately preceding the accident, his gross earnings from the employer for the period immediately preceding the accident divided by the number of days the employee actually worked for the employer during said period and multiplied by the average number of days worked per week.
In Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007-08 (La. 1989), the Louisiana Supreme Court explained that: “[i]n determining the amount of pre-injury wages an employee earned, ‘any money paid the employee which can be regarded as remuneration or reward for his services should be included in fixing his compensation, irrespective of whether or not the payment was in the form of wages.’ ” (citing Malone and Johnson, 14 Louisiana Civil Law Treatise, Workers’ Compensation § 324 at 93 (1980)).
As explained in defendant’s exhibit one, the shared rewards program is designed to encourage its employees to strive to reach certain operational goals. The program provides that eligible employees receive a maximum of $100 per month if certain operational goals are met. In order to be rewarded, all eligible employees must meet these goals. When the goals are met each eligible employee receives the same amount of shared rewards. Thus, the shared rewards are rewards given to the employee by the employer as a reward for his services and are not based on the employee’s hourly rate or hourly wages or how many hours the Inemployee worked. Accordingly, the shared rewards fall under “other wages” pursuant to La. R.S. 23:1201(13)(d).
Claimant’s reliance on Allor v. Belden Corporation, 393 So.2d 1233 (La. 1981) is misplaced. In Allor, claimant’s weekly bonus was calculated based on a production percentage of his base hourly rate. Accordingly in Allor, the bonus was directly derived from claimant’s hourly work and hourly wages and the Allor court included the bonus in calculating claimant’s hourly rate. In the instant case, since claimant’s shared rewards bear no relation to his hours worked or hourly wage, it would be illogical to include the shared rewards in the calculation of claimant’s hourly rate. Rather, the appropriate inclusion of the shared rewards is pursuant to La. R.S. 23:1201(13)(d).
CONCLUSION
For the foregoing reasons, the November 2, 2016 judgment of the workers’ compensation court is affirmed.
AFFIRMED

. The October 31, 2011 judgment adjudicated several other issues which are not pertinent to the instant appeal.

. Defendant raised and this Court adjudicated other issues not pertinent to the instant appeal.

. This exhibit also contained an affidavit by an employee of defendant attesting that she has personal knowledge of the defendant’s payroll practices, including payments of shared rewards, and that the payroll checks and stubs were true and accurate.