NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-451

KIMBERLY BROOKE LABAUVE, ET AL.

VERSUS

LOUISIANA MEDICAL MUTUAL INS. CO., ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-249-14
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

APPELLANTS' MOTION TO CORRECT AND/OR
CLARIFY ORDER DENIED AS MOOT.
RULE RECALLED; APPEAL DISMISSED.

James J. Hautot, Jr.
Judice & Adley
Post Office Drawer 51769
Lafayette, LA 70505-1769
(337) 235-2405
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Medical Mutual Ins. Co.
    Dr. Darryl Elias, Jr.
    LHA Physicians' Trust

**Sarah E. Hunter**
**Moore & Hunter**
**6513 Perkins Road**
**Baton Rouge, LA 70808**
**(225) 766-1100**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Kimberly Brooke Labauve**
 **Shawnavon Lynn Labauve**
 **Kimberly & Shawnavon Labauve o/b/o Molly Ann Labauve**

**COOKS, Judge.**

On its own motion, this court issued a rule for Plaintiffs-Appellants, Kimberly Brooke Labauve and Shawnavon Lynn Labauve, individually and on behalf of their minor daughter, Molly Ann Labauve, to show cause, by brief only, why this appeal should not be dismissed as premature, citing La.Code Civ.P. art. 2087(D). Plaintiffs filed an Objection to Proposed Judgment of Dismissal Filed by Defendant and a response to the rule to show cause. For the reasons assigned herein, we recall the rule to show cause, deny the motion for clarification as moot, and dismiss the appeal.

This medical malpractice case was tried before a jury. The first question on the jury verdict form asked, "Do you find, by a preponderance of the evidence[,] that the treatment provided by Dr. Darryl Elias[,] Jr., to Molly Labauve fell below the standard of care required of Dr. Elias as an obstetrician gynecologist," to which the jury answered "No". Therefore, on November 5, 2018, the trial court signed a written judgment dismissing Plaintiffs' claims against Defendants, with full prejudice, in accordance with the jury's finding.

However, the trial court's judgment also contained the following disposition:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Kimberly Labauve and Shawnavon Labauve, individually and on behalf of their minor child, Molly Labauve[,] are cast with all general and special costs of these proceedings, such costs to include all costs on file with the Jefferson Davis Parish Clerk of Court, all costs of the Medical Review Panel proceedings, all expert witness fees, and all jury costs, as will be fixed at a Rule to Tax Costs to be filed by defendant (sic) and scheduled by the Court.

Notice of the rendition of this judgment was mailed to all parties' counsel by the district court's clerk's office on November 13, 2018.

The next document contained in the appellate record, though, is Plaintiffs' Objection to Proposed Judgment of Dismissal Filed by Defendant. The first page of this document bears a stamp at the bottom of the page reading "FAXED", with a handwritten notation below that reading "11-7-18", presumably the date on which this

document was sent by facsimile to the Clerk of Court's Office for the Thirty-First Judicial District Court. The certification of service indicates that the entire document was also sent to opposing counsel on November 6, 2018. Nevertheless, the clerk of court's stamp on the final page of the document indicates that it was filed as of November 13, 2018.

In this Objection, Plaintiffs complain that the "proposed" final judgment assesses them with all costs for the entire proceedings. Instead, Plaintiffs asked that the trial court sign a judgment which contains the statement, "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court will render judgment as to costs taxable as court costs, if any, after contradictory hearing." Indicating that Defendants were going to be filing a Motion to Tax Costs and that Plaintiffs would file an opposition to such motion, Plaintiffs urged that the assessment of costs for the entire matter against them would be inequitable.

As expected by Plaintiffs, then, on November 14, 2018, Defendants proceeded to file their Motion to Tax Costs and asked that the trial court issue a rule for the Plaintiffs to show cause why a judgment in the amount of the costs, as set forth in the attached documentation submitted with the motion, should not be rendered against them. As promised by Plaintiffs, they filed their opposition memorandum to the motion and asked that the parties be cast to bear their own costs or, alternatively, that the costs submitted by Defendants be reduced. On January 30, 2019, Defendants filed a response to Plaintiffs' opposition.

Meanwhile, however, Plaintiffs filed their Motion for Order of Devolutive Appeal of Final Judgment and Request for Return Date with the trial court on January 14, 2019. The trial court signed the order granting the devolutive appeal on that same day.

On January 29, 2019, the Motion to Tax Costs came for hearing. At the conclusion of the hearing and despite the prior ruling on the division of costs made in

2

the final judgment, the trial court ordered that each party bear its own costs of the litigation, including the costs for the medical review panel proceedings. Then, on February 19, 2019, the trial court signed another judgment which, in pertinent part, reads, "**IT IS ORDERED**, that defendants' Motion to Tax Costs is hereby ***DENIED*** and that all parties shall bear their own costs, including the costs of this motion."

The record in this appeal was lodged in this court on June 13, 2019, and the subject rule to show cause was issued by this court on June 14, 2019. In response to the rule, Plaintiffs first filed Appellants' Motion to Correct and/or Clarify Order. Then, Plaintiffs filed Appellants' Brief in Response to Order to Show Cause Why Their Appeal Should Not be Dismissed as Premature.

After examining the record in this appeal more carefully, we have determined that the rule to show cause was issued improvidently on the basis of La.Code Civ.P. art. 2087(D), and we hereby recall the rule at this time. However, this is not the end of our inquiry. This court has "the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Gabriel v. Delta Air Lines, Inc.*, 16-210, p. 2 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185.

The trial court entered judgment against Plaintiffs assessing against them "all general and special costs of these proceedings, such costs to include all costs on file with the Jefferson Davis Parish Clerk of Court, all costs of the Medical Review Panel proceedings, all expert witness fees, and all jury costs". A final judgment must contain proper decretal language. "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Tech., Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 916. In the instant case, we find this is lacking in the judgment rendered November 5, 2018. For instance, in order to know what the costs were for the medical malpractice review panel proceedings, reference would necessarily have to be made to documents not contained

3

in the judgment. Furthermore, the trial court did not assess a specific dollar figure for these costs. Therefore, we find that this court lacks jurisdiction to decide this appeal based on the judgment appealed. Accordingly, we recall our rule to show cause entered June 14, 2019; we deny the motion to correct and/or clarify the order as moot; and we dismiss this appeal and remand the case to the trial court for further proceedings and for entry of a judgment containing proper final decretal language including subsequent disposition of costs and assessment of costs.

**APPELLANTS' MOTION TO CORRECT AND/OR CLARIFY ORDER DENIED AS MOOT.**
**RULE RECALLED; APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.