DERRIE LEE REMO

VERSUS

ROSE MARIE TINDAL NEWSON

NO. 23-CA-509

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 78,958, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

April 24, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Timothy S. Marcel

**APPEAL DISMISSED**
   **TSM**
   **SMC**
   **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUß RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DERRIE LEE REMO
 Connie P. Trieu

COUNSEL FOR DEFENDANT/APPELLEE,
ROSE MARIE TINDAL NEWSON
 Robert D. Levenstein

**MARCEL, J.**

In this case arising from a bond for deed signed between the parties, plaintiff Derrie Lee Remo appeals a May 17, 2023 judgment of the trial court denying an exception of no cause of action and granting an exception of prematurity filed by defendant Rose Marie Tindal Newson. For the following reasons, we dismiss this appeal.

## BACKGROUND

On December 9, 2022, Mr. Remo filed a Petition for Breach of Contract and Rule to Evict Bond for Deed Buyer/Occupant in the 40th Judicial District Court for the Parish of St. John the Baptist. Allegedly without knowledge of this petition, Ms. Newson on December 22, 2022 filed a Petition for Damages in the same court against Mr. Remo arising from the same incident, a dispute over a bond for deed contract executed between the parties.

In her answer to Mr. Remo's petition, Ms. Newson requested that the trial court consolidate the two cases, and also raised a peremptory exception of no cause of action and a dilatory exception of prematurity. By order on January 19, 2023, the trial court granted the motion to consolidate and also issued a rule to show cause as to why the exceptions filed by Ms. Newson should not be granted.

The exceptions were heard by the court on May 3, 2023. Subsequently, the trial court issued a judgment on May 17, 2023 denying the exception of no cause of action, but granting the exception of prematurity. Written reasons for judgment indicate the trial court intended the exception of prematurity to be granted with respect to Mr. Remo's claims for breach of contract and for eviction, and state the exception of no cause of action was denied as moot. Mr. Remo filed an appeal from this judgment.

1

DISCUSSION

On April 3, 2024, we issued an order to the district court with instructions to amend its May 17, 2023 judgment to include the appropriate and necessary decretal language. In that order, we also observed that, in the absence of such decretal language, this Court could not determine whether the judgment was interlocutory or a partial final judgment pursuant to La. C.C.P. art. 1915(B).

On April 12, 2024, the record was supplemented with an amended judgment. The language of the amended judgment now reads:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Rose Marie Tindal Newson's Exception of No Cause of Action against Derrie Lee Remo is hereby DENIED, **and dismissed without prejudice**.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Rose Marie Tindal Newson's Exception of Prematurity regarding Derrie Lee Remo's claim of breach of contract and rule for eviction is hereby GRANTED.

The language marked in bold is the only new decretal language.

This Court cannot reach the merits of an appeal unless our jurisdiction has been properly invoked by a valid final judgment. *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 915. A valid final judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the specific relief that is granted or denied. *See* La. C.C.P. art. 1918; *Morraz-Blandon v. Voiron*, 16-112 (La. App. 5 Cir. 8/25/16), 199 So.3d 1220, 1221; *Claiborne Medical Corp. v. Siddiqui*, 12-759 (La. App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. The specific relief granted or denied should be determinable from the judgment itself without reference to an extrinsic source such as pleadings or reasons for judgment. *Id.*; *Babin v. State Farm Mutual Auto. Ins. Co.*, 11-192 (La. App. 5 Cir. 9/27/11), 76 So.3d 100, 102.

2

The trial court's amended judgment lacks any certification that it is a partial final judgment certified for appeal pursuant to La. C.C.P. art. 1915(B). This certification is necessary because, even with dismissal of plaintiff's claims, there remain claims filed by the defendant Ms. Newson in her Petition for Damages (a separate case that was consolidated with plaintiff's earlier filed case on January 19, 2023.)

Under La. C.C.P. art. 1915(B), when a court renders a partial summary judgment as to one or more but less than all of the claims, demands, issues, or theories against a party, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. No such designation has been made here. In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. *Id.*

## CONCLUSION

The amended judgment remains deficient as there has been no certification of the partial final judgment pursuant to La. C.C.P. art. 1915(B). Accordingly, and for the foregoing reasons, this appeal is dismissed.

**APPEAL DISMISSED**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 24, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_Curtis B. Pursell_

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-509

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
CONNIE P. TRIEU (APPELLANT)          ROBERT D. LEVENSTEIN (APPELLEE)

**MAILED**