756 So.2d 583 (2000)
Marvin Glen GIBSON, et al., Plaintiffs-Appellants,
v.
MONROE MANOR NURSING HOME, Defendant-Appellee.
No. 32,806-CA.
Court of Appeal of Louisiana, Second Circuit.
March 3, 2000.
Richard L. Fewell, West Monroe, Counsel for Plaintiffs-Appellants.
Brady D. King, II, Monroe, Counsel for Defendant-Appellee.
Before BROWN, STEWART and DREW, JJ.
DREW, J.
The single issue presented by this appeal is whether the private right of action afforded to nursing home residents pursuant to La. R.S. 40:2010.8 and 2010.9 is a "strictly personal" right that may be brought only by nursing home residents or their curators. In the case at bar, the trial *584 court sustained an exception of no right of action against the legal heirs of Clara Gertrude Gibson, who died on August 29, 1997. For the reasons that follow, we reverse and remand.

FACTS
In December 1997, the sons and daughters of Clara Gertrude Gibson filed a petition for damages against Monroe Manor Nursing Home, seeking general damages for alleged physical, mental and emotional abuse of their mother by employees of the nursing home. The petition was met by an exception of prescription and an exception of no cause of action filed on behalf of the nursing home. The plaintiffs then filed a supplemental and amending petition asserting a cause of action for breach of contract, and asserting a cause of action under the provisions of La. R.S. 40:2010.9. The nursing home then responded to the supplemental and amending petition by filing an exception of no right of action on the basis that the claim set forth under La. R.S. 40:2010.9 was strictly personal to Clara Gibson and not heritable.
In January 1999, the parties entered into a stipulation wherein the plaintiffs agreed to dismiss and strike all allegations and claims "based upon La. C.C. art. 2315.6 and/or any other claims based upon same or in any way seeking to recover damages for their own mental anguish, emotional distress, or suffering" as a result of the alleged injuries of Clara Gibson. However, the stipulation specifically reserved the rights of the plaintiffs under the "Patients Bill of Rights Law" (La. R.S. 40:2010.6, et seq.). In turn, the nursing home dismissed its exception of prescription as to the plaintiffs' survival action claims.[1]
After considering the briefs, argument, and law concerning the exception of no right of action, the trial court granted the exception as to claims asserted under the Bill of Rights statutes. In oral reasons explaining the court's ruling, the court stated:
The way I view the rights that are recorded under the nursing home or the resident's bill of rights is to give a[n] ombudsman type of protection to people in the nursing home without fear of reprisal. Many people who are there can't afford to live anywhere else. They are there on their Medicare contracts. Or in the case of private providers every nickel of social security is swallowed up by the nursing home to take care of the room and board. These are rights that in my estimation a person can assert without fear of retaliation or reprisal or expulsion from the nursing home when he ishe or she has made a claim. I think that under the peculiar facts of this case, where there clearly is a viable cause of action and right of action for the nursing home resident's heir under general tort law, that it would be extending the clear wording of the statute beyond what the legislature intended to do. And I am going to make my ruling sustaining the exception of no right of action based upon the civil enforcement section, subsection of the statute in that it limits or delimits exactly who may bring such an action; and that in my estimation is a matter for the legislature to attend and not the courts. The action may be brought by the resident or his curator, including a curator ad hoc. It could have said the action may be brought by a resident, by the resident or his heirs and assigns, or his curator or his sponsor. But it chose to limit the availability of this cause of action to two *585 narrow categories: the curator or the resident.
This appeal followed.

DISCUSSION
The legislative intent of the statutes that we now peruse is set forth in the provisions of La. R.S. 40:2010.6:
The legislature finds that persons residing within nursing homes are isolated from the community and often lack the means to assert their rights as individual citizens. The legislature further recognizes the need for these persons to live within the least restrictive environment possible in order to retain their individuality and some personal freedom. It is therefore the intent of the legislature to preserve the dignity and personal integrity of residents of nursing homes through the recognition and declaration of rights safeguarding against encroachments upon nursing home residents' right to self determination. It is further the intent that the provisions of R.S. 40:2010.6 through R.S. 40:2010.9 complement and not duplicate or substitute for other survey and inspection programs regarding nursing homes.
The provisions of La. R.S.2010.8(A) go on to set forth an extensive "bill of rights" for nursing home residents. Under the provisions of La. R.S. 40:2010.8(B), a sponsor[2] may act on a resident's behalf to assure that the nursing home does not deny the resident's rights, and under the provisions of La. R.S. 40:2010.8(C), each nursing home is required to provide a copy of the nursing home's statement of the residents' rights to each resident and sponsor upon or before the resident's admission to the home.
The provisions of La. R.S. 40:2010.8(D)(1) state that any violations of the residents' rights as set forth in La. R.S. 40:2010.6 et seq. constitute grounds for appropriate action by the Department of Health and Hospitals, and that residents have a private right of action to enforce these rights, as set forth in La. R.S. 40:2010.9.
The private right of action is further explained in the provisions of La. R.S. 40:2010.9:
A. Any resident whose rights, as specified in R.S. 40:2010.8, are deprived or infringed upon shall have a cause of action against any nursing home or healthcare facility responsible for the violation. The action may be brought by the resident or his curator, including a curator ad hoc. The action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual damages for any deprivation or infringement on the rights of a resident. Any plaintiff who prevails in such action shall be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds that the losing plaintiff has acted in bad faith with malicious purpose, and that there was an absence of a justiciable issue of either law or fact, in which case the court shall award the prevailing party his reasonable attorney fees.
B. The remedies provided in this action are in addition to and cumulative with other legal and administrative remedies available to a resident and to the Department of Health and Hospitals or other governmental agencies.
The above referenced statutes provide a legal mechanism to help preserve the dignity and personal integrity of nursing home residents and to safeguard against encroachments upon their right to self determination by giving such residents or their curators a legal cause of action against a nursing home or healthcare facility. Such a cause of action not only benefits the individual resident who brings the *586 action, but indirectly benefits all residents of nursing homes, and promotes the legislative intent, by providing a disincentive for violations of the residents' bill of rights. Such a cause of action not only entitles a resident to recovery of damages and costs, but unlike an ordinary tort action, also entitles a resident to recover reasonable attorney's fees.
The question now before us is not who can bring such a private cause of action for civil enforcement against a nursing home or healthcare facility. The provisions of La. R.S. 40:2010.9 clearly answer that question: the action may be brought by the resident or his curator, including a curator ad hoc. Instead, the question we must answer is whether such a cause of action, plainly belonging to a resident, is heritable. The statutes discussed above simply do not address the question of heritability.
The question of heritability of obligations is addressed in Arts. 1765 and 1766 of the Louisiana Civil Code. Under the provisions of Art. 1765, every obligation is deemed heritable as to all parties, except when the contrary results from the terms or the nature of a contract. In contrast, under Art. 1766, when the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal (and thus not heritable) on the part of that obligee.
In the instant case, the obligation of nursing homes not to violate the statutory provisions establishing a bill of rights for nursing home residents is not an obligation intended for the benefit of any one obligee exclusively. Instead, the obligation is one owed to all such residents to further the legislative goals of preserving the dignity and personal integrity of the residents and safeguarding against encroachments upon the residents' right to self determination. Thus, we conclude that the obligation is heritable and may be enforced by a successor of the obligeeresident. We also observe that it would have been a simple matter for the legislature to have included specific language concerning heritability if the legislature had desired to create an exception to the general rule of heritability. Moreover, because the cause of action not only has a longer prescriptive period than a tort action, but also provides for reasonable attorney's fees, whereas a tort action does not, we do not view the cause of action for private enforcement to be the equivalent of a tort action. Thus, we conclude that the heirs would be in a better position by proceeding under the statutory action than by proceeding under Louisiana negligence law, including the survival action.
Finally, although we acknowledge that no case has decided the issue of heritability of such a cause of action, there are cases that either allude to the possibility of heritability or assume heritability without directly addressing the issue. See Rachal v. Peters, 28,655 (La.App.2d Cir.9/25/96), 680 So.2d 1280; Petre v. Living Centers-East, Inc., 935 F.Supp. 808 (E.D.La.1996); and Schenck v. Living Centers-East, Inc., 917 F.Supp. 432 (E.D.La.1996).

CONCLUSION
For the reasons set forth above, we conclude that the trial court erred in sustaining the exception of no right of action. Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are assessed to appellee.

DECREE
REVERSED AND REMANDED.
NOTES
[1] Because the stipulation preserved the plaintiffs' survival action claims, the judgment at issue herein is a partial judgment that should have been certified under the provisions of La. C.C.P. art. 1915(B). However, the trial court noted that the issue now presented on appeal, as an issue of first impression, might be ripe for supervisory review by this Court. We agree. Accordingly, we are considering the issue raised by the sustaining of the exception of no right of action pursuant to our supervisory jurisdiction.
[2] A sponsor is defined in La. R.S. 40:2010.7(1) to mean an adult relative, friend, or guardian of a resident who has an interest or responsibility in the resident's welfare, and preferably who is designated as the responsible party on the resident's admission forms.