CARTER, C.J.
12This is an appeal of a summary judgment granted in favor of Defendant/Appel-lee, Tangipahoa Parish School System. For the following reasons, we dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

Plaintiff/Appellant, Clarence Gaten, owns and leases a school bus to the Tangi-pahoa Parish School System (“TPSS”). In April 2008, Aaron C. Jackson, a substitute bus driver, was operating Gaten’s bus when its engine began to overheat. Gaten filed a petition for damages against TPSS and Jackson, alleging that Jackson failed to stop the bus or otherwise take action “even after smoke began pouring from the engine” and that Jackson’s failure to take action caused permanent damage to the school bus, rendering it inoperable and a total loss. Gaten further alleged that *1074 TPSS was vicariously liable for Jackson’s conduct.
TPSS filed a motion for summary judgment, requesting that Gaten’s claims against it be dismissed. In support of its motion, TPSS claimed that pursuant to a lease agreement between Gaten and TPSS, Gaten agreed that he would be solely responsible for maintenance of the bus, would accept all risks for damage to the bus, and would hold TPSS harmless from liability in connection with damage to the bus. In opposition to the motion, Gaten argued that the lease provision limiting TPSS’s liability for damages to the school bus was only applicable when the bus was being used for unauthorized transportation services. Gaten asserted that Jackson’s use of the bus to transport students to school was authorized, and therefore, TPSS was liable for the damage.
| s After a hearing, the district court signed a judgment granting TPSS’s motion for summary judgment. It is from this judgment that Gaten appealed.
This court, ex propria motu, examined the district court record and issued a rule to show cause why the appeal should not be dismissed because the judgment of the district court lacked the appropriate decre-tal language disposing of or dismissing the claims of Gaten against TPSS. In response, Gaten filed an unopposed motion to supplement the record with an amended judgment. The amended judgment includes language designating the judgment as a final judgment pursuant to Louisiana Code of Civil Procedure article 1915, but still lacks appropriate decretal language. The judgment simply states that the “Motion for Summary Judgment is GRANTED.”

DISCUSSION

Appellate courts have the duty to determine sua sponte whether their subject matter jurisdiction exists, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indemnity Corporation, 02-1351 (La.App. 1 Cir. 10/22/08), 867 So.2d 723, 725. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La.Code Civ. Proc. Ann. art. 1841. A final judgment must be identified as such by appropriate language. La.Code Civ. Proc. Ann. art. 1918. A valid judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record. Laird, 836 So.2d at 366. The amended judgment, like the first judgment, does not contain proper decretal language. Specifically, although the judgment grants TPSS’s motion for summary judgment, it does not specify what that relief entails. In the absence of such decretal language, the judgment before us is defective and cannot be considered as a “final judgment.” See Carter, 837 So.2d at 44. In the absence of a final judgment, this court lacks jurisdiction to review this matter. Laird 836 So.2d at 366.

CONCLUSION

For the foregoing reasons, the appeal of the judgment of the district court granting Tangipahoa Parish School System’s motion for summary judgment is dismissed. Costs of this appeal are assessed to Plaintiff/Appellant, Clarence Gaten.
*1075 MOTION TO SUPPLEMENT GRANTED. APPEAL DISMISSED.