McDonald, j.
|2In this case, a jury returned a verdict against a nursing home and awarded damages to the children of a deceased nursing home resident. The trial court rendered a *932 judgment pursuant to the jury’s verdict, which was signed on April 15, 2013. Thereafter, the trial court rendered a second judgment against the nursing home, and in favor of the decedent’s children, for attorney fees and costs, pursuant to the Nursing Home Residents’ Bill of Rights (NHRBR), LSA-R.S. 40:2010.6 et seq. This judgment was signed on October 9, 2013, The nursing home appealed both judgments. For the following reasons, we dismiss the appeal of the April 15, 2013 judgment, convert the appeal of the October 9, 2013 judgment to an application for writ of supervisory review, grant the writ, and reverse the judgment.
MOTION TO DISMISS APPEAL OF APRIL 15, 2013 JUDGMENT
After the appeal was lodged with this court, the decedent’s children, plaintiffs herein (the Harveys), filed a motion to dismiss B.B.R.C. Investments, L.L.C. d/b/a Acadian Rehabilitation and Nursing Home’s (Acadian) appeal of the first judgment appealed in this case, the April 15, 2013 judgment, because Acadian failed to brief any assignment of error or issue for review as to that judgment. Acadian did not respond to the motion.
We have reviewed Acadian’s brief and indeed determine that it has raised no error as to the April 15, 2013 judgment. In fact, in its brief, Acadian specifically states that its appeal only challenges “one part of the outcome of this case,” namely, “the judgment against the defendant for attorney fees and costs awarded pursuant to the Nursing Home [Residents’] Bill of Rights.” Therefore, in accordance with Uniform Rules — Courts of Appeal, Rule 2-12.4(B)(4)[1] and LSA-C.C.P. art. 2162,[2] we consider Acadian’s appeal of the April 15, 2013 judgment to have been abandoned, grant the Harveys’ motion, and dismiss the appeal as to that judgment. See In re Succession of Sharp, 09-1500 (LaApp. 1 Cir. 6/11/10), 2010 WL 2342757 (unpublished opinion).
I,VALIDITY OF OCTOBER 9, 2013 JUDGMENT
On August 20, 2014, this court, ex proprio motu, issued an interim order, noting that the second judgment from which Acadian appealed, the October 9, 2013 judgment, was defective inasmuch as the decretal portion of the judgment did not identify the party against whom the judgment was rendered and that the amount awarded was not determinable from the face of the judgment. The interim order remanded this matter for the limited purpose of having the trial court sign a valid written judgment, which includes appropriate language as required by LSA-C.C.P. Art. 1918. The order also stated that, after the amended judgment was signed, “any party may request, or the trial court may order, that the Clerk’s Office of the 19th Judicial District, Parish of East Baton Rouge, supplement the appellate record with the amended judgment.” The supplementation was to be filed with this court on or before September 10,2014. However, this court has not received an amended judgment.
Appellate courts have the duty to determine, sua sponte, whether their subject matter jurisdiction exists, even when *933 the parties do not raise the- issue. Gaten v. Tangipahoa Parish School System, 11-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074. Under Louisiana law, a final judgment is one that determines the merits of a controversy, in whole or in part. La. C.C.P. Art. 1841. A final judgment must be identified as such by appropriate language. La. C.C.P. Art. 1918. A valid judgment must be precise, definite, and certain. Conley v. Plantation Management Company, LLC, 12-1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, 546-47, writ denied, 13-1300 (La. 9/20/13), 123 -So.3d 178. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the-relief that is granted or denied. Id. These determinations should be evident from the language of the judgment without reference to other documents in the record. Laird v. St. Tammany Parish Safe Harbor, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 366.
While the October 9, 2013 judgment contains decretal language, it does not identify the party against whom the ruling is ordered, and the amount awarded, “costs of $4,547.28 plus attorney’s fees of 33 1/3% of [principal] and interest on the | Judgment,” is an amount that is determinable only by reference to an extrinsic source. Thus, the judgment is ambiguous, lacks appropriate decretal language, and cannot be considered a final judgment. See Thomas v. Lafayette Parish School System, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055, 1056; Gaten, 91 So.3d at 1074. In the absence of a final judgment, this court lacks appellate jurisdiction to review this matter. Gaten, 91 So.3d at 1074. However, an appellate court has broad discretion to convert an appeal to an application for supervisory review; because we find error in the trial court judgment, which in the interest of judicial economy should be corrected, we will convert this appeal to an application for supervisory writs. See Stelluto v. Stelluto, 05-0074 (La. 6/29/05), 914 So.2d 34, 39; C. Fly Marine Services, LLC v. Trinity Yachts, LLC, 13-0770 (La.App. 1 Cir. 2/18/14), 2014 WL 651838 *2 (unpublished opinion); Roberson v. Roberson, 12-2052 (La.App. 1 * Cir. 8/5/13), 122 So.3d 561, 564.
AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO THE NHRBR
We now address the merits of whether the trial court erred in awarding the Harveys attorney fees and costs pursuant to the NHRBR when the jury made-no specific finding as to a violation of the NHRBR.[3] A nursing home resident who alleges that his rights, as specified in LSA-R.S. 40:2010.8 of the NHRBR, have been deprived or infringed upon may assert a cause of action for injunctive relief against any nursing home for the alleged violation. LSA-R.S. 40:2010.9(A). This cause of action is heritable and may be brought by the successors of a deceased nursing home resident. See Short v. Plantation Management Corp., 99-0899 (La. App. 1 Cir. 12/27/00), 781 So.2d 46, 54; Gibson v. Monroe Manor Nursing Home, 32,806 (La.App. 2 Cir. 3/3/00), 756 So.2d 583, 586. Any plaintiff who prevails in such an action shall be entitled to recover reasonable attorney fees and costs of the action. LSA-R.S. 40:2010.9(A).
*934 As next illustrated, the record demonstrates the Harveys initially asserted a claim under the NHRBR, and the claim continued to be raised, disputed, and addressed in the [^litigation until after the jury returned its verdict. The Harveys alleged a NHRBR violation in their petition. Acadian challenged the Harveys’ NHRBR claim with an exception of vagueness and later on the basis of prescription, but the trial court presumably denied these objections. The Harveys and Acadian both filed proposed jury charges specifically referencing the NHRBR, but the trial court’s actual charges to the jury merely alluded to the NHRBR. Further, the transcript of the jury trial indicates that one of the Harveys’ witnesses was questioned by counsel for both sides about the Harveys’ right to be adequately informed about Mr. Harvey’s treatment as is required by the NHRBR. And, at the end of the trial, counsel for the Harveys again asked the trial court to include a specific NHRBR charge in its jury instructions, but the trial court denied the request and indicated that the appropriate standard was included.
However, even if the above facts demonstrate that the Harveys’ NHRBR claim was “alive and well” and raised during the trial, the crucial fact remains that the jury was never asked to decide, and as such it is unknown if they did decide, whether Acadian actually violated the NHRBR. The verdict form given to the jury asked them to decide whether Acadian “breached the applicable standard of care in its treatment” of Mr. Harvey and if so, whether that “breach of the standard of care” caused or contributed to Mr. Harvey’s death. The jury answered “yes” to both of these questions and then proceeded to assess fault and damages. But, the jury’s affirmative answer to these questions did not necessarily include a finding that Aca-dian also violated the NHRBR. The verdict form did not ask the jury to decide if Acadian violated the NHRBR. Because they were not asked the question, the jury did not answer “yes” or “no” as to whether Acadian violated the NHRBR. Without a definitive finding by the jury on this issue, we are constrained to conclude the Har-veys did not “prevail” in an NHRBR action and were not entitled to an award of attorney fees and costs under LSA-R.S. 40:2010.9 of the NHRBR.
CONCLUSION
For the above reasons, we grant the Harveys’ motion to dismiss the appeal from the April 15, 2013 judgment. Further, we convert the appeal from the October 9, 2013 judgment into an application for writ of supervisory review, grant the writ, and reverse | fithe judgment. Costs of this appeal are assessed to the Harveys.
MOTION GRANTED; APPEAL FROM APRIL 15, 2013 JUDGMENT DISMISSED; APPEAL FROM OCTOBER 9, 2013 JUDGMENT CONVERTED TO APPLICATION FOR WRIT OF SUPERVISORY REVIEW; WRIT GRANTED; JUDGMENT REVERSED.

, Uniform Rules — Courts of Appeal, Rule 2-12.4(B)(4) provides, “All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed.”

, Louisiana Code of Civil Procedure article 2162 provides, in pertinent part, "An appeal can be dismissed at any time ... if, under the rules of the appellate court, the appeal has been abandoned.”

. Acadian also argues the trial court erred in awarding costs and attorney fees under the NHRBR, because the Harveys failed to include any such claim in the pretrial order. Although this may be a factor to consider when deciding whether the claim was viable at trial, the Harveys’ failure to state a NHRBR claim in the pretrial order alone is not dispositive of whether the claim remained . at issue.