PETTIGREW, J.
*1149 In this suit for payment of amounts due under several loan agreements, a defendant appeals a partial summary judgment in favor of the plaintiff based on the defendant's personal guaranties. Because the judgment appealed is not a valid final judgment, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Andrew Harrison, Jr., filed a petition for payment of amounts allegedly due under two Business Loan Agreements and two Personal Guaranty Agreements, all executed February 24, 2014, which purported to memorialize prior agreements between the parties. The first Business Loan Agreement involved a loan made on October 1, 2013, by Harrison to Nature's Way Safety Solutions, LLC ("Nature's Way"). In this agreement, Nature's Way promised to pay Harrison the principal amount of $350,000.00, "together with interest in an amount up to 100% of the principal of this Loan." The second Business Loan Agreement involved a second loan made by Harrison to Nature's Way on October 25, 2013. In this agreement, Nature's Way promised to pay Harrison the principal amount of $200,000.00, "together with interest in an amount equal to up to 100% of the principal of this Loan." Jules A. Simon, a member of Nature's Way who signed both Business Loan Agreements on behalf of Nature's Way, executed Personal Guaranty Agreements related to each of the Business Loan Agreements, guaranteeing payment of the entire outstanding indebtedness of Nature's Way under the Business Loan Agreements.
Harrison filed a motion for partial summary judgment on November 21, 2016, on his claims against Simon arising out of the personal guaranties. After a hearing, the trial court granted Harrison's motion for partial summary judgment and entered judgment in favor of Harrison and against Simon based on the Personal Guaranty Agreements. The judgment ordered Simon to pay Harrison $550,000.00, "plus contractual interest from the date the loans were made until September 21, 2015, judicial interest from the date of judicial demand until paid in full, Plaintiff's court costs and Plaintiff's reasonable attorney's fees to be established by the Court through a post-judgment motion to be filed by Plaintiff."[1] The judgment was designated *1150 as a final judgment pursuant to La. C.C.P. art. 1915(B),[2] and Simon filed this devolutive appeal.[3]
DISCUSSION
Appellate courts have the duty to determine, sua sponte, whether their subject matter jurisdiction exists, even when the parties do not raise the issue. Perkins v. BBRC Investments, 14-0298, p. 3 (La.App. 1 Cir. 10/17/14), 205 So.3d 930, 932-33. Under Louisiana law, a final judgment is one that determines the merits of a controversy, in whole or in part. La. C.C.P. art. 1841. A final judgment must be identified as such by appropriate language. La. C.C.P. art. 1918. A valid judgment must be precise, definite, and certain. Gaten v. Tangipahoa Parish School System, 11-1133, p. 3 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. The amount of recovery should be determinable from a judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Crockerham v. Weyerhaeuser Holden Wood Products , 16-0331, pp. 15-16 (La.App. 1 Cir. 6/2/17), 223 So.3d 533, 543, writ denied, 17-1121 (La. 10/27/17), 228 So.3d 1232 ; Vanderbrook v. Coachmen Industries, Inc., 01-809, p. 12 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913.
The August 10, 2017 judgment ordered Simon to pay Harrison "contractual *1151 interest from the date the loans were made until September 21, 2015," an amount which is not determinable from the judgment without reference to extrinsic sources. Thus, the judgment is ambiguous, lacks appropriate decretal language, and cannot be considered a final judgment. See Perkins, 14-0298, at pp. 3-4, 205 So.3d at 933 (Judgment awarding "attorney's fees of 33 1/3% of [principal] and interest on [prior] judgment" was ambiguous, lacked appropriate decretal language, and cannot be considered a final judgment.). In the absence of a final judgment, this court lacks appellate jurisdiction to review this matter. Gaten, 11-1133 at p. 4, 91 So.3d at 1074.
CONCLUSION
For the foregoing reasons, the appeal of the August 10, 2017 judgment granting partial summary judgment in favor of Harrison is dismissed without prejudice. Costs of this appeal are assessed equally to appellant, Jules A. Simon, and appellee, Andrew J. Harrison, Jr.
APPEAL DISMISSED.

Although Harrison's original and amending petitions both demand payment of contractual interest, his motion for partial summary judgment requested only payment of the principal balance of the loans, plus judicial interest from the date of demand and reasonable attorney fees. Nevertheless, the partial summary judgment rendered by the trial court awarded contractual interest.

In designating the partial summary judgment as a final judgment pursuant to La. C.C.P. art. 1915(B), the trial court simply stated that there was "no just reason for delay," but failed to give reasons for this determination. The transcript of the proceeding reveals only that the trial court made the determination after counsel for both parties requested that the judgment be certified as final for purposes of an immediate appeal. Where explicit reasons, either oral or written, are not given for a trial court's determination that there is no just reason for delay, and the propriety of the certification is not apparent from a review of the record, the appellate court may request a per curiam from the trial judge so that the designation can be reviewed on appeal. R . J. Messinger, Inc. v. Rosenblum, 04-1664, pp. 13-14 (La. 3/2/05), 894 So.2d 1113, 1122. Since we have determined that we do not have subject matter jurisdiction over this appeal due to the lack of a valid final judgment, we cannot address the propriety of the trial court's designation of this partial summary judgment as final for purposes of appeal. However, if, after dismissal of this appeal, a new judgment with proper decretal language is rendered granting partial summary judgment in favor of Harrison, and the judgment is again designated as final pursuant to article 1915(B), we suggest that the court provide explicit reasons for its designation so that the certification can be reviewed on appeal.

Prior to Simon's filing of a devolutive appeal in this matter, this court declined to exercise its supervisory jurisdiction as to a writ application filed by Simon questioning the propriety of the trial court's certification of the partial summary judgment as a final appealable judgment under article 1915(B) because the propriety of 1915(B) certification is best reserved for the appeal panel. See Harrison v. Nature's Way Safety Solutions, LLC, 17-1171 (La.App. 1 Cir. 9/13/17), 2017 WL 4074567 (unpublished). Subsequent to the denial of his writ application, Simon filed his devolutive appeal. As previously noted, we lack appellate jurisdiction to consider this appeal, including the propriety of the 1915(B) certification, due to the lack of a valid final judgment; however, in the event that a new partial summary judgment is issued with proper decretal language, and this judgment is certified as a final appealable judgment, we will address the propriety of the 1915(B) certification at that time.