PENZATO, J.
This is an appeal from a trial court judgment granting a motion for summary judgment in favor of the plaintiff. For the following reasons, we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
This case involves the construction of the St. Roch Market in New Orleans, Louisiana. The Lathan Company, Inc. ("Lathan") served as the primary contractor on the project and selected Advanced Leveling & Concrete Solutions ("Advanced Leveling") to furnish materials and install concrete floor topping for the project. Without executing a written subcontract, but with agreement on a contract price of $52,800.00, Advanced Leveling began work on the project sometime around August of 2013. On or about February 13, 2014, a representative for the owner of the St. Roch Market accepted the work performed by Advanced Leveling and authorized payment in full by Lathan.
On August 11, 2016, Advanced Leveling filed a petition on open account, alleging that it sold and delivered to Lathan, on open account, goods, wares, merchandise, and/or services. According to the petition, Lathan failed to pay the balance due within thirty days after receipt of written demand, and therefore Advanced Leveling was entitled to recover reasonable attorney's fees in addition to the balance due. Lathan filed an answer to the petition, after which Advanced Leveling filed a motion for summary judgment. Lathan opposed the summary judgment, arguing that there was no evidence of an open account and that genuine issues of material fact existed as to deficiencies in Advanced Leveling's work and the costs Lathan incurred to correct those deficiencies. The matter was heard by the trial court on April 17, 2017, and judgment was rendered in favor of Advanced Leveling. A judgment was signed on May 2, 2017, which provided:
IT IS ORDERED, ADJUDGED AND DECREED, judgment be rendered herein in favor of plaintiff, Advanced *1046 Leveling & Concrete Solutions, and against defendant, The Lathan Company, Inc., in the full sum of $16,420.00, together with legal interest from date of judicial demand August 11, 2016 until paid in full, together with reasonable attorney's fees under LSA R.S. 9:2781 and for all costs of these proceedings.
Lathan appealed, asserting that the trial court erred in finding that an open account existed between the parties, and in granting summary judgment when there were factual issues concerning the amount due to Advanced Leveling.
This court subsequently issued an order advising that the matter would be submitted on briefs for en banc consideration by the court. The parties were granted leave to file supplemental briefs specifically addressing the issue of whether the awarding of "reasonable attorney's fees" in the May 2, 2017 judgment rendered the judgment, in whole or in part, non-appealable as uncertain and indefinite in nature. In response to the order, the parties filed a joint motion for limited remand, acknowledging therein that the judgment at issue is non-appealable and requesting that this court stay the appeal to remand the matter for the limited purpose of having the trial court amend the May 2, 2017 judgment to comply with the provisions of La. C.C.P. Art. 1918. The joint motion for limited remand was denied by an order of this court issued October 19, 2018.
APPELLATE JURISDICTION
Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La. App. 1 Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. A final judgment is one that determines the merits in whole or in part. In contrast, an interlocutory judgment does not determine the merits but only preliminary matters in the course of an action. La. C.C.P. art. 1841.
A valid judgment must be "precise, definite, and certain." Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Carter v. Williamson Eye Center, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of the judgment without reference to other documents in the record. Laird, 836 So.2d at 366. The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. Vanderbrook v. Coachmen Industries, Inc., 2001-0809 (La. App. 1 Cir. 5/10/02), 818 So.2d 906, 913-14.
The May 2, 2017 judgment, sought to be appealed herein, rendered judgment in favor of Advanced Leveling in the amount prayed for. It farther awarded to Advanced Leveling "reasonable attorney's fees," but did not specify the amount of such fees. Because the exact amount of attorney's fees cannot be determined from the judgment, there is no final, appealable judgment before us. In accordance with prior First Circuit jurisprudence, we find that in the absence of a valid final judgment this court lacks subject matter jurisdiction and the appeal should be dismissed.
*1047 See Harrison v. Nature's Way Safety Solutions, LLC, 2017-1744 (La. App. 1 Cir. 6/4/18), 251 So.3d 1148, 1151 ; Rosewood Enterprises, Inc. v. Rosewood Development, LLC, 2016-0352 (La. App. 1 Cir. 3/6/17), 2017 WL 900041 (unpublished); In re Interdiction of Metzler, 2015-0982 (La. App. 1 Cir. 2/22/16), 189 So.3d 467, 469.
In dismissing this entire appeal for lack of subject matter jurisdiction, we recognize that there is jurisprudence in which this court elected to vacate only the portion of the judgment that was found to be uncertain and indefinite and concluded that the remaining portions of the judgment were properly reviewable. See Crockerham v. Weyerhaeuser Holden Wood Prod., 2016-0331 (La. App. 1 Cir. 6/2/17), 223 So.3d 533, 544, writ denied, 2017-1121 (La. 10/27/17), 228 So.3d 1232 ; In re Succession of Wagner, 2008-0212 (La. App. 1 Cir. 8/8/08), 993 So.2d 709, 725 ; Vanderbrook, 818 So.2d at 914 ; Clark v. Diamond B. Construction, 2000-2146 (La. App. 1 Cir. 12/28/01), 803 So.2d 1113, 1117. However, we find that the indefinite award of "reasonable attorney's fees" renders the entire judgment non-appealable. That is, Lathan does not have the right to appeal this judgment; thus our appellate jurisdiction is not invoked. We therefore lack appellate jurisdiction to review the remainder of the judgment. We decline to exercise our supervisory jurisdiction to facilitate a review of less than all issues presented. See Best Fishing, Inc. v. Rancatore, 96-2254 (La. App. 1 Cir. 12/29/97), 706 So.2d 161, 166. To the extent that Crockerham and the cases cited therein purport to review portions of a judgment that is not final and appealable pursuant to the court's appellate jurisdiction, those cases are overruled.
CONCLUSION
For the foregoing reasons, we dismiss the appeal of the May 2, 2017 judgment. Costs of this appeal are assessed against the defendant, The Lathan Company, Inc.
APPEAL DISMISSED.
Whipple, C.J. dissents and assigns reasons.
McDonald, J. concurs, but would remand for a proper final judgment.
Chutz, J. - Dissents without reasons
Pettigrew, J. Dissents
Theriot, J. - Dissents
Higginbotham, J. dissents for reasons assigned by C.J. Whipple.
Holdridge J. concurs with reasons
HOLDRIDGE, J., CONCURS, AND ASSIGNS REASONS.
I respectfully concur with the result reached by the majority. The judgment rendered by the trial court was a partial final judgment. It contained the proper decretal language, named the party in whose favor the judgment was rendered, the party against whom the judgment was rendered, and the relief that was granted. See La. C.C.P. art. 1918. See also Carter v. Williamson Eye Center, 2001-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43.
However, the judgment was a partial judgment in that it was still necessary for the trial court to fix the amount of "reasonable attorney's fees." In accordance with La. C.C.P. art. 1911(B), "[N]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)."
Since the judgment in this case was not designated a final judgment after an express determination by the trial court, the judgment does not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(1). It may *1048 be revised at any time prior to the rendition of the judgment adjudicating all of the claims of all of the parties. La. C.C.P. art. 1915(B)(2). Had the judgment been certified, the trial court would have retained jurisdiction to adjudicate the remaining issue of the amount of the "reasonable attorney's fees" that the court awarded. Therefore, I concur with the result reached by the majority that the judgment in this case was not appealable since it was a partial final judgment that was not certified by the trial court in accordance with La. C.C.P. art. 1915(B).