NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-103


FRANK COLLATT AND
JENNIFER CORREIA

VERSUS

BARBARA T. BOUDREAUX AND
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20145830, DIV. F
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.


APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

Brian M. Caubarreaux
Laura B. Knoll
Eugene A. Ledet, Jr.
Emily Gremillion
Brian Caubarreaux & Associates
144 Tunica Drive West
Marksville, Louisiana 71351
(318) 253-0900
Counsel for Plaintiff/Appellant:
     Jennifer Correia

**J. P. D'Albor**
**Haik, Minivelle & Grubbs**
**1017 East Dale Street**
**New Iberia, Louisiana 70560**
**(337) 365-5486**
**Counsel for Intervenor:**
**Lafayette Surgical Hospital, LLC**

**Robert Mark Marionneaux, Jr.**
**The Marionneaux Law Firm**
**660 Saint Ferdinand Street**
**Baton Rouge, Louisiana  70802**
**(225) 330-6679**
**Counsel for Plaintiff /Appellant:**
**Jennifer Correia**

**F. Douglas Wimberly**
**Cloyd, Wimberly & Villemarette, LLC**
**302 La Rue France, Suite 204**
**Lafayette, Louisiana  70508**
**(337) 289-6906**
**Counsel for Defendants/Appellees:**
**Barbara T. Boudreaux**
**State Farm Mutual Automobile Insurance Company**

**KEATY, Judge.**

Plaintiff-Appellant, Jennifer Correia (Correia), appeals a September 17, 2018 judgment on her motion for judgment notwithstanding the verdict (JNOV). For the reasons that follow, we suspend the appeal and remand this matter to the trial court with instructions to issue a judgment containing proper decretal language.

## FACTS AND PROCEDURAL HISTORY

Correia and Frank Collatt (Collatt) filed suit against Barbara T. Boudreaux (Boudreaux) and her insurer, State Farm Mutual Automobile Insurance Company (State Farm), following an automobile accident that occurred on December 5, 2013. The vehicle being driven by Correia and occupied by Collatt as a guest passenger was stopped in the drive-through lane at the Chick-Fil-A on Ambassador Caffery Parkway in Lafayette, Louisiana, when it was rear-ended twice by the vehicle that Boudreaux was driving.

A review of the record reveals the following facts. Although the same attorney represented Boudreaux and State Farm, separate answers were filed on behalf of each. Correia and Collatt filed a motion for summary judgment, which was not opposed by the defendants, and the trial court entered judgment finding Boudreaux one hundred percent at fault in causing the accident.[1] Interventions were filed by Alfred Boustany, II, APLC, the attorney who previously represented Correia and Collatt, and by Lafayette Surgical Hospital, LLC.

Correia's claims proceeded to trial by jury, and a verdict was returned in her favor. She was awarded $120,960.04 for past medical expenses; $120,000.00 for future medical expenses; $50,000.00 for past mental and physical pain and suffering; $50,000.00 for future mental and physical pain and suffering; $41,600.00 for past

---

[1] Collatt's claims settled prior to trial and are not at issue in this appeal.

lost wages; $20,800.00 for future lost wages; and $40,000.00 for permanent disability. The jury did not award Correia any damages for permanent scarring and disfigurement or for loss of enjoyment of life. A judgment in accordance with the jury's verdict was signed by the trial court.

Thereafter, Correia filed a motion for judgment notwithstanding the verdict which was set for contradictory hearing on August 6, 2018. At the conclusion of the hearing, the trial court awarded Correia $15,000.00 for scarring and disfigurement, $25,000.00 for loss of enjoyment of life, and otherwise left untouched the damages awarded by the jury. Counsel for Boudreaux and State Farm was ordered to prepare a judgment. On September 17, 2018, the trial court signed the judgment presented to it. That judgment provided, in pertinent part, as follows:

> The Court, after considering the pleadings filed, argument of counsel, and Louisiana Law, rendered Judgment as follows:
>
> With regard to plaintiff's Motion for Judgment Notwithstanding the Verdict, the award for permanent scarring and disfigurement is increased from $0 to $15,000.00; and the award for loss of enjoyment of life is increased from $0 to $25,000.00. All other damages listed on the Jury Verdict Form remain the same.

The defendants did not appeal either judgment. Correia filed a motion for devolutive appeal of "the original Judgment rendered by the jury and signed by the presiding judge on May 24, 2018, as well as the Judgment Notwithstanding the Verdict signed on September 17, 2018." When the record was received by this court, we discovered that the September 17, 2018 judgment did not state the relief granted or denied, nor did it name the parties cast in judgment.[2] Thereafter, we ordered

---

[2] "A valid judgment must be precise, definite and certain." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915. "The result decreed must be spelled out in lucid, unmistakable language." *Id.* at 916. "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *Id.*

2

Correia to show cause why the appeal should not be dismissed as having been taken from a judgment that lacked proper decretal language.[3] *See Input/Output Marine Sys.*, 52 So.3d 909, and *Mouton v. AAA Cooper Transp.*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594.

In response to the rule to show cause, Correia asks this court to either exercise its supervisory jurisdiction to render a judgment with appropriate decretal language or to suspend the appeal and remand the matter to the trial court with instructions to sign a judgment containing the proper decretal language. Correia avers that the defendants do not object to either course of action by this court.

In *Mouton*, 237 So.2d 594, this court discussed the argument that it should render a final judgment and then decide the merits of the appeal. Therein, this court declined to exercise its supervisory jurisdiction because "the judgment was rendered after a trial on the merits and after consideration of a motion for JNOV" and because "this court routinely declines to exercise its supervisory jurisdiction where an adequate remedy by appeal would exist after the issuance of a final judgment that has proper decretal language." *Id.* at 597.

In the instant case, the September 8, 2018 judgment does not "name the party in favor of whom the ruling is ordered, [or] the party against whom the ruling is ordered." *Input/Output Marine Systems*, 52 So.3d at 916.[4] In addition, the final amount of damages awarded in favor of Correia cannot be determined from a single

---

[3] This court has "the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Gabriel v. Delta Air Lines, Inc.*, 16-210, p. 2 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185. Unless the appellate court's jurisdiction "is properly invoked by a valid final judgment[,]" it cannot determine the merits of an appeal. *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.

[4] "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys.*, 52 So.3d at 916. *See also Perkins v. BBRC Invs., LLC*, 14-298 (La.App. 1 Cir. 10/17/14), 205 So.3d 930.

3

judgment but must be gleaned from reference to both the May 24, 2018 judgment rendered in accordance with the jury verdict and the September 8, 2018 judgment granting in part and denying in part Correia's motion for JNOV.[5] For those reasons, we decline to exercise our supervisory jurisdiction to formulate a proper judgment. Instead, we will stay the appeal and remand this matter to the trial court for the limited purpose of rendering a proper final judgment as we did in *Mouton*, 237 So.3d 594.

## DECREE

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language. This appeal is suspended, and the matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language, including the nature of the relief granted and/or denied, the names of the parties against whom the judgment is rendered, and a specification of the increase in the award for permanent scarring and disfigurement and in the award for loss of enjoyment (with a specification of the other damages awarded by the jury such that the amount awarded is determinable from the face of the judgment) no later than April 3, 2019. The Clerk of Court for the Fifteenth Judicial District Court shall forward the judgment so signed to this court as a supplement to the appellate record.

**APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

---

[5] When the amount awarded is not determinable from a judgment, that judgment is ambiguous and "cannot be considered a final judgment." *Perkins*, 205 So.3d at 933.

4