NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-446


WINMILL TIRE, LLC, ET AL.

VERSUS

COLT, INC., ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-4386-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

**********

JONATHAN W. PERRY

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Jonathan W. Perry, Judges.


APPEALS DISMISSED.


James P. Ryan
Morrow, Morrow, Ryan, Bassett & Haik
Post Office Drawer 1787
Opelousas, LA 70571-7090
(337) 948-4483
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Winmill Tire, LLC, et al.

**Kyle Liney Mark Gideon**
**Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, LLP**
**Post Office Drawer 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Colt, Inc.**

**David Paul Doughty**
**M. Kyle Moore**
**Cotton, Bolton, Hoychick & Doughty, LLP**
**Post Office Box 857**
**Rayville, LA 71269**
**(318) 728-2051**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Franklin Rubber Resources, LLC**

**Bryan David Scofield**
**Scofield & Rivera, LLC**
**Post Office Box 4422**
**Lafayette, LA 70502**
**(337) 235-5353**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Benson Environmental Services of Louisiana, Inc.**

**David Ogwyn**
**Ogwyn Law Firm**
**Post Office Box 1942**
**Baton Rouge, LA 70821**
**(225) 302-7188**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Environmental Industries Recycling, Inc.**

**Brian W. James**
**Principal**
**3000 Industrial Drive**
**Winnsboro, LA 71295**
**(318) 460-2009**
**DEFENDANT/APPELLANT:**
       **Franklin Rubber Resources, LLC**

**PERRY, Judge.**

This court, on its own accord, issued rules to the four defendant-appellants, Colt, Inc. (Colt); Benson Environmental Services of Louisiana, Inc. (Benson); Environmental Industries Recycling, Inc. (a/k/a EIR, Inc.); and Franklin Rubber Resources, LLC, to show cause why the appeals should not be dismissed as having been taken from a judgment lacking proper decretal language, citing *Thomas v. Lafayette Parish School System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. Each of the defendants has filed a response. For the reasons assigned, we dismiss the appeals.

Plaintiffs-appellees, Winmill Tire, LLC, et al.[1], are involved in the retail sale of tires, and, in conducting that business, they collect for proper disposal the old waste tires from their customers. Defendants are in the business of processing for repurposing the old tires. In order to get the old tires to defendants, licensed transporters are hired.

Defendants began charging plaintiffs a fee to cover these transportation costs. Plaintiffs initiated the instant litigation on behalf of themselves and a class of those similarly situated seeking to have this transportation fee declared unlawful. Plaintiffs also sought recovery of various damages based on several different theories of recovery.

In the course of this litigation, cross-motions for summary judgment were filed by plaintiffs and two of the defendants. In plaintiffs' motion for partial summary judgment, plaintiffs sought a declaration by the trial court that "Louisiana Law does not permit the tire generator to be charged a processing/transportation fee." Benson and Colt filed separate motions for summary judgment seeking the complete dismissal of plaintiffs' suit, contending that the law does not prohibit defendants from collecting the subject fees.

---

[1] Six amending and supplemental petitions have been filed thus far in this litigation, several of which changed the named plaintiffs. Currently, plaintiffs are Winmill Tire, LLC; Winmill Specialties, Inc.; Dayroo Sales, LLC d/b/a Automotive Gear; A.J. Price, Inc.; Waiting for the Sun, LLC; Quality Tire and Car Care; Albritton's Service Center, LLC; and West Carroll Hardware.

The trial court held a contradictory hearing on these motions for summary judgment on January 11, 2019. During the hearing, the trial court concluded, "I find that the fees that were charged were illegal and I grant the Partial Summary Judgment of the plaintiff[s] in this case and deny the Summary Judgment of the opposing defense in this case."

Subsequent to the hearing, the parties attempted to draft an appropriate final judgment, but since the parties could not agree on the judgment's wording, the trial court drafted the judgment. Thus, the trial court signed a written judgment on February 1, 2019, which reads, in pertinent part:

> The Court, after consideration of the law, evidence, memoranda, and arguments of counsel, has ruled Louisiana Law does not permit or allow waste tire processors to charge a processing or transportation fee to waste tire generators and therefore:
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment on behalf of Plaintiffs, Winmill Tire, LLC, Winmill Specialties, Inc., Dayroo Sales, LLC D/B/A Automotive Gear, A. J. Price, Inc., Waiting for the Sun, LLC, Quality Tire & Car Care, Albritton's Service Center, LLC, and West Carroll Hardware is hereby GRANTED; and
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motions for Summary Judgment filed by Colt, Inc. and Benson Environmental Services of Louisiana, Inc. are hereby DENIED.
> **IT IS FURTHER ORDERED** that this Judgment be designated as a final Judgment based upon an express determination that there is no just reason for delay pursuant to Louisiana Code of Civil Procedure Article 1915(B)(1).

Following entry of this judgment, plaintiffs, Colt, and Benson each filed motions challenging various aspects of the ruling. A hearing on these motions was held on April 12, 2019, and, as a result, on April 12, 2019, a new written judgment was signed by the trial court which, in pertinent part, reads:

> In connection with the plaintiff[s'] Motion to Amend Judgment and a Motion for a New Trial to Correct Judgment, the Court DENIED the plaintiff[s'] Motion to Amend Judgment under the provisions of Louisiana Code of Civil Procedure Article 1951 finding that the change requested by the plaintiff would be a substantive change; however, the Court did GRANT the Motion for a New Trial under Louisiana Code of Civil Procedure [Article] 1971 in that the previous Judgment referring to it being unlawful for "waste tire processors" to charge a processing or transportation fee was legal error in that this matter involves a proceeding

in the nature of a Declaratory Judgment and Judgment may be issued only against the named parties.

Therefore, for the oral reasons given at the conclusion of argument, the Court does hereby GRANT plaintiff[s'] Motion for a New Trial for the purpose of correcting the Judgment that was previously executed on the 1st day of February, 2019 to provide the following:

The Court, after consideration of the law, evidence, memoranda and arguments of counsel has ruled that Louisiana Law does not permit or allow the defendants, Benson Environmental Services of Louisiana, Inc., Colt, Ins., Environmental Industries Recycling, Inc., or Franklin Rubber Resources, LLC, to charge a processing or transportation fee to waste tire generators and therefore:

IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment on behalf of the plaintiffs, Winmill Tire, LLC, Winmill Specialties, Inc., Dayroo Sales, LLC D/B/A Automotive Gear, A. J. Price, Inc., Waiting for the Sun, LLC, Quality Tire & Car Care, Albritton's Service Center, LLC, and West Carroll Hardware and against Benson Environmental Services of Louisiana, Inc., Colt, Ins., Environmental Industries Recycling, Inc., or Franklin Rubber Resources, LLC is hereby GRANTED; and

IT IS ORDERED, ADJUDGED AND DECREED that the Motions for Summary Judgment filed by Colt, Inc. and Benson Environmental Services of Louisiana, Inc. are hereby DENIED.

IT IS FURTHER ORDERED this Judgment is designated as a Final Judgment based upon an expressed determination that there is no just reason for delay pursuant to Louisiana Code of Civil Procedure Article[] 1915(B)(1).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings on the Motions for Summary Judgment, Motion to Correct Judgment and Motion for a New Trial and Motions for New Trial on denial of Summary Judgments filed by defendants are assessed against the defendants, Benson Environmental Services of Louisiana, Inc. and Colt, Inc.

As stated at the outset of this opinion, after filing the record in this appeal, this court, on its own motion, issued rules for the defendants to show cause why the appeals should not be dismissed due to the lack of proper decretal language in the judgment appealed. Defendants opine in their memoranda in response to the rule to show cause that the judgment does contain all the elements necessary to constitute proper decretal language. We disagree.

First, this court observes that in both the original judgment of February 1, 2019, and the amended judgment of April 12, 2019, the trial court states that it "has ruled" that the processing and transportation fee is not permitted under the law of Louisiana. We find the use of this verb tense indicates that the trial court was not entering this

ruling within the context of the judgments being signed on these dates, but instead was indicating that it had entered this ruling already. This is further borne out by the fact that these paragraphs in each of the judgments do not begin with the emphasized phrase "IT IS ORDERED, ADJUDGED AND DECREED", unlike each of the other paragraphs in these judgments wherein the trial court is clearly rendering a ruling contemporaneously with the signing of the judgments.

However, each of the defendants appear to assume that the foregoing "ruling" was in fact part of the written judgment rendered. Thus, they assert that in the paragraph in which the trial court grants plaintiffs' motion for partial summary judgment, defendants contend that this declaration of the illegality of the fee at issue was the sole issue as to which the plaintiffs were seeking summary judgment. Thus, defendants aver that the judgment stated the relief being granted against which parties and in favor of which parties.

To the contrary, though, we find that the paragraph in which the trial court grants the partial summary judgment does not state that the sole relief being sought in the plaintiffs' motion was that declaration of illegality. Instead, the judgment merely states "that the Motion for Partial Summary Judgment on behalf of plaintiffs . . . and against [the named defendants] is hereby GRANTED". The only manner of determining that the trial court granted the sole relief sought in the plaintiffs' motion is by reading plaintiffs' motion itself. "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Tech., Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. *See also Perkins v. BBRC Invs., LLC*, 14-298 (La.App. 1 Cir. 10/17/14), 205 So.3d 930. In this instance, reference must be made to both the transcript of the hearing held on January 11, 2019, to find the trial court's actual entry of the ruling finding that the fee at issue is illegal and then refer to

4

plaintiffs' motion for partial summary judgment to know that the only relief being sought by plaintiffs was this declaration of illegality.

Accordingly, we find this court lacks jurisdiction to consider the merits of these appeals due to the lack of a judgment containing proper decretal language. Therefore, these appeals are hereby dismissed.

**APPEALS DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.