STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0821

KENNETH BERTHELOT

VERSUS

RUSSELL INDOVINA AND
PROGRESSIVE SPECIALTY INSURANCE COMPANY

**Judgment Rendered: FEB 2 1 2020**

* * * * * *

On appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket Number 174356

Honorable George J. Larke, Judge Presiding

* * * * * *

Frederic C. Fondren
George O. Luce
Mayhall Fondren Blaize
Spencer Schoonenberg
Houma, LA
Charles V. Giordano
Michael E. Escudier
Dianna Duffy Willem
Alicia R. Aguillard
Metairie, LA

Counsel for Defendant/Appellant
Pro-Mag Inspections, L.L.C. and
Houston Specialty Insurance
Company

Richard P. Voohies, III
James F. Flynn
Jennifer R. Rust
John Mark Fezio
New Orleans, LA

Counsel for Plaintiff/Appellee
Kenneth Berthelot

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

Defendant-Appellant, Pro-Mag Inspections, L.L.C., appeals from a summary judgment granted in favor Plaintiff-Appellee, Kenneth Berthelot, on the issue of course and scope of employment. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On April 14, 2014, while traveling southbound on Louisiana Highway 24, Russell Indovina's vehicle struck the rear end of Kenneth Berthelot's vehicle. At the time of the accident, Mr. Indovina was traveling from his worksite at Trinity Tools; Mr. Indovina was an employee of Pro-Mag Inspections, L.L.C. (Pro-Mag).

As a result of the automobile accident, on or about April 14, 2015, Mr. Berthelot filed a petition for damages. Made defendants were Mr. Indovina and his insurer, Progressive Security Insurance Company.[2] Later, on January 29, 2016, Pro-Mag, as Mr. Indovina's employer, was made a defendant by amended petition. Mr. Berthelot alleged that Mr. Indovina was in the course and scope of his employment with Pro-Mag when the accident occurred.

On March 29, 2016, Pro-Mag filed its answer to the petition, generally denying liability.[3] Thereafter, on or about August 7, 2018, Mr. Berthelot filed a motion for summary judgment, asserting that there was no genuine issue of material fact as to whether Mr. Indovina was in the course and scope of his employment with Pro-Mag when the collision occurred. Pro-Mag filed an opposition to the motion.

---

[2] Russell Indovina and Progressive Specialty Insurance Company were dismissed and released from this lawsuit with prejudice on December 1, 2015, with Mr. Berthelot reserving his rights to proceed against Mr. Indovina in his capacity as an employee insured under any other insurance policy.

[3] Mr. Berthelot later again amended his petition to name as a defendant Houston Specialty Insurance Company, the insurer for Pro-Mag. On June 5, 2018, an answer to Mr. Berthelot's second supplemental and amending petition for damages was filed by Pro-Mag and Houston Specialty Insurance Company, generally denying liability.

On October 23, 2018, a hearing was held, at which time, the trial court stated that it would "grant the plaintiff's motion for summary judgment on the issue of course and scope." A judgment to that effect was rendered and signed on November 8, 2018. Pro-Mag now appeals.[4]

## APPELLATE JURISDICTION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 11-0520, p. 8 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1054, 1059, writ denied, 12-0360 (La. 4/9/12), 85 So. 3d 698. Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. La. C.C.P. art. 2082. Louisiana Code of Civil Procedure article 2083(A) provides that a final judgment is appealable. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Louisiana Code of Civil Procedure article 1918 states that, "A final judgment shall be identified as such by appropriate language."

It is well settled that a final judgment must be precise, definite, and certain. A final judgment must contain decretal language, and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Advanced Leveling & Concrete Solutions v.

---

[4] This court issued a Rule to Show Cause Order, directing the parties to show cause by briefs why this appeal should or should not be dismissed pursuant to La. C.C.P. art. 2087. Pro-Mag responded, contending that the appeal was timely taken. In doing so, Pro-Mag explained that following the conclusion of the summary judgment hearing and the signing of the judgment on November 8, 2018, Pro-Mag timely filed a motion for new trial on that same date, which was denied on February 13, 2019. Notice of the denial was issued on February 20, 2019. Pro-Mag then timely filed a motion for devolutive appeal on February 26, 2019, with the order for appeal signed on March 1, 2019.

3

Lathan Company, Inc., 17-1250, p. 4 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (*en banc*).

Although a district court judge may grant a partial judgment as to less than all the claims, demands, issues, or theories against a party and designate such judgment as a final judgment after an express determination that there is no just reason for delay, as authorized by La. C.C.P. art. 1915(B)(1), the judgment must still comply with the requirement that it contain decretal language. See Gaten v. Tangipahoa Parish School System, 11-1133, p. 3 (La. App. 1st Cir. 3/23/12), 91 So. 3d 1073, 1074.

> In this case, the judgment reads, in pertinent part:
>
> IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment is hereby GRANTED for the reasons stated in open court, and the Court finds that defendant Russell Indovina was acting within the course and scope of his employment with defendant Pro-Mag Inspections, LLC at the time of the automobile collision in this case.
>
> IT IS ORDERED, ADJUDGED AND DECREED that this Judgment be and is hereby designated as a Final Judgment in accordance with LSA-C.C.P. art 1915 and the Court specifically makes the express determination that there is no just reason to delay.

Although the district court granted the plaintiff's motion for partial summary judgment "on the issue of course and scope of employment" and certified the partial judgment as final under La. C.C.P. art. 1915(B)(1), we find that it still lacks the requisite decretal language to render it a final appealable judgment. Specifically, where there are multiple defendants, the judgment does not identify the party or parties against whom the ruling is ordered. The judgment, thus, is ambiguous, lacks appropriate decretal language, and cannot be considered a final judgment. See Perkins v. BBRC Investments, LLC, 14-0298, pp. 3-4 (La. App. 1st Cir. 10/17/14), 205 So. 3d 930, 933.

Therefore, in accordance with prior First Circuit jurisprudence, we find that in the absence of a valid final judgment this court lacks subject matter jurisdiction and the appeal should be dismissed.

## CONCLUSION

For the foregoing reasons, the appeal of the trial court's November 8, 2018 summary judgment is hereby dismissed. Costs of this appeal are assessed equally to Defendant-Appellant, Pro-Mag Inspections, L.L.C., and Plaintiff-Appellee, Kenneth Berthelot.

**APPEAL DISMISSED.**