RENEE JACKSON & ANTIONE COLEMAN

VERSUS

LIBERTY PERSONAL INSURANCE
COMPANY

NO. 20-CA-13

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 772-251, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

April 28, 2020

**PER CURIAM**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**REMANDED WITH INSTRUCTIONS**
    **FHW**
    **SMC**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
RENEE JACKSON & ANTIONE COLEMAN
   William R. Mustian, III

COUNSEL FOR DEFENDANT/APPELLEE,
LIBERTY PERSONAL INSURANCE COMPANY
   H. Minor Pipes, III
   Stephen L. Miles

**WICKER, J.**

Plaintiffs, Renee Jackson and Antione Coleman, appeal from the trial court's ruling granting summary judgment in favor of defendant, Liberty Personal Insurance Company, finding that the UM coverage under the Liberty Personal Insurance Company Policy issued to Ms. Jackson is limited to economic-only UMBI coverage based upon an enforceable UMBI coverage selection form. For the following reasons, we remove this case from our May 2020 docket and remand the case to the district court for preparation of a judgment properly invoking the jurisdiction of this Court and, thereafter, for supplementation of the appellate record with that judgment.

Plaintiffs filed suit against Liberty Personal Insurance Company, (hereinafter "Liberty"), alleging personal injury and property damages as a result of an automobile accident. In their petition, they allege that Ms. Jackson was driving her 2011 Dodge Charger, with Antione Coleman as a passenger, when they were struck from behind by an unknown vehicle operated by an unknown driver. The unknown driver then fled the scene of the accident. At the time of the accident, Liberty was Ms. Jackson' automobile insurance provider, and provided coverage under the uninsured/underinsured bodily injury (UMBI) provision of the policy.

Liberty filed a motion for summary judgment, contending that Ms. Jackson had validly elected economic-only UMBI coverage, and that plaintiffs have been fully compensated for their economic-only damages from the accident, therefore it was entitled to summary judgment as a matter of law. Plaintiffs opposed the motion, alleging that the election of economic-only UMBI was invalid under Louisiana law.

After a hearing on Liberty's motion for summary judgment, the trial court rendered judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Defendant, Liberty Personal Insurance Company, and against Plaintiffs, Renee Jackson and Antoine Coleman, be and is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the UM coverage under the Liberty Personal Insurance Company Policy is limited to economic-only UMBI coverage based upon an enforceable UMBI coverage selection form.

Plaintiffs filed a motion for new trial, which was denied by the trial court.

Plaintiffs then filed a motion for appeal, which was granted. This appeal followed.

Initially we find that the judgment before us is not a final judgment appealable judgment. We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a final judgment. *Tomlinson v. Landmark Am. Ins. Co.*, 15-0276 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 156. For a judgment to be a final judgment it must contain appropriate decretal language. For the language to be considered decretal, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Simon v. Ferguson*, 18-0826 (La. App. 1 Cir. 2/28/19), 274 So.3d 10, 13-14; *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 916. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. *Input/Output Marine Sys., Inc.* at. 916. A summary judgment rendered "as to one or more but less than all of the claims, demands, issues, or theories against a party . . . shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B).

In their appellate brief, plaintiffs allege that the trial court erred in dismissing their claim for future economic losses. In its appellee brief, Liberty argues that the trial court did not err in dismissing all of plaintiffs' claims. However, the language of the judgment before us determines only the scope of

UMBI coverage under the automobile liability policy issued by Liberty. There is no language in the judgment dismissing any party from the suit, and we cannot consider extrinsic sources such as counsels' requests or arguments in determining whether a particular relief, such as dismissal of a claim or a party, has been granted. In the judgment before us, the only relief granted is a finding that the UMBI coverage extended only to economic losses. *Cf. Gaten v. Tangipahoa Par. Sch. Sys.*, 11-1133 (La. App. 1 Cir. 3/23/12), 91 So. 3d 1073, 1074. Further, the judgment was not designated as final for purposes of immediate appeal by the trial court.

The judgment at issue is an interlocutory judgment, and there has been no certification of the partial judgment as final pursuant to La. C.C.P. art. 1915. Therefore, we remove the instant appeal from the docket and remand this matter to the district court for formulation of an appealable judgment that reflects the judge's intentions either to dismiss Plaintiffs' claims in their entirety or designate the partial judgment as final after determining that there is no just reason for delay. Upon the signing of a judgment by Monday, May 4, 2020, the Clerk of Court shall supplement the appellate record with the judgment no later than the following Monday, May 11, 2020. Thereafter, this Court will docket this case on the next appropriate date available.

**REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**APRIL 28, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-CA-13**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
WILLIAM R. MUSTIAN, III (APPELLANT)      STEPHEN L. MILES (APPELLEE)      H. MINOR PIPES, III (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED