CRAIN, J., dissenting.
I dissent because this court does not have appellate jurisdiction to consider the merits of this appeal. The judgment before us contains an indefinite award of "reasonable attorney's fees," which renders the entire judgment non-appealable. Advanced Leveling & Concrete Solutions v. The Lathan Co., Inc., 17-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, ---- (en banc ). Certification pursuant to Louisiana Code of Civil Procedure article 1915 does not cure the defect in the judgment, as this would allow the trial court the authority to do what this court has determined it cannot - disregard the uncertain and indefinite portion of the judgment and confer appellate jurisdiction over the remaining portions. See Advanced Leveling, 268 So.3d at ----. Without a valid final judgment, this court lacks jurisdiction and the appeal should be dismissed. Advanced Leveling, 268 So.3d at ---- ; see also Harrison v. Nature's Way Safety Solutions, LLC, 17-1744 (La. App. 1 Cir. 6/4/18), 251 So.3d 1148, 1151 ; Rosewood Enterprises, Inc. v.Rosewood Development, LLC, 16-0352, 2017 WL 900041 (La. App. 1 Cir. 3/6/17) ; In re Interdiction of Metzler, 15-0982 (La. App. 1 Cir. 2/22/16), 189 So.3d 467, 469 ; Gaten v. Tangipahoa Parish School System, 11-1133 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074 ; Laird v. St. Tammany Parish Safe Harbor, 02-0045 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 366.
I also dissent from the decision that allows the subject judgment to stand. The jury verdict form contains a plain and fundamental error, as it did not allow the jury to apportion fault among all parties as required by Louisiana Civil Code articles 2323 and 2324, regardless of the legal theory of liability. Since that error prevented the jury from dispensing justice, the judgment based on the jury's verdict cannot stand. I would vacate the trial court's judgment and, to prevent a miscarriage of justice, remand this matter for a new trial to allow the proper allocation of fault. See Wegener v. Lafayette Ins. Co., 10-0810 (La. 3/15/11), 60 So.3d 1220, 1233-34 (recognizing that upon finding a legal error has interdicted the fact-finding process, de novo review is neither required nor always appropriate; rather, "[t]he appellate court must itself decide whether the record is such that the court can fairly find a preponderance of the evidence from the cold record"). I would pretermit consideration of the exceptions filed with this court and order that they be considered by the trial court on remand.
Holdridge J. dissents for the reasons assigned by Judge Penzato.
I further write to state that in an en banc setting, if a large majority of the court finds that the trial court's judgment is in error and should be reversed, the *771 proper action would be for the court to either reach a majority to render a judgment that is legally correct or to remand the matter for a new trial. It is totally illogical for this court to issue a per curiam opinion upholding the trial court's judgment when a large majority of the court has found that the trial court's judgment is legally incorrect.
PENZATO, J., dissents.
I respectfully dissent from the per curiam opinion. Louisiana Civil Code article 2323 requires the percentage of fault be allocated among all parties regardless of the basis of liability. The jury verdict form prevented the jury from determining each party's liability as required by La. C.C. arts. 2323 and 2324. I believe that this error prevented the jury from dispensing justice such that the verdict cannot stand. See Wegener v. Lafayette Ins. Co., 60 So.3d 1220 (La. 3/15/11). I would, therefore, vacate the trial court's judgment and remand the case for a new trial.
I also find merit in the argument raised on appeal by defendants and in their motions for new trial concerning the time allocations afforded by the trial court for the presentation of evidence. This case was set for trial beginning on August 31 through September 11, 2015 (which included the Labor Day weekend). The defendants did not have the opportunity to begin presentation of their witnesses until the afternoon of the seventh day of the nine day trial. The issues encountered as a result of this condensed presentation are reflected in the trial court record. I recognize the difficulties in time management involved in the trial of a civil case of this complexity and magnitude, and the discretion afforded a trial court pursuant to La. C.C.P. art. 1631 to control its docket and place reasonable time limits on litigants. However, that limit must allow a party to present evidence to support the litigant's case. Plaia v. Stewart Enterprises, Inc., 2014-0159 (La. App. 4 Cir. 10/26/16), 229 So.3d 480, 490, writs denied, 2016-2264 (La. 2/3/17), 215 So.3d 692, 2016-2261 (La. 2/3/17), 215 So.3d 698, and 2016-2258 (La. 2/3/17), 215 So.3d 699.
In Goodwin v. Goodwin, 618 So.2d 579, 583-84 (La. App. 2 Cir.), writ denied, 623 So.2d 1340 (La. 1993), the court set forth the following guidelines that trial courts should follow in imposing time limits on litigants: (1) before imposing time limitations in a case, the trial judge should be thoroughly familiar, through pretrial proceedings, with the claims of the parties, the proposed testimony and number of witnesses, and the documentary evidence to be presented; (2) if they are used, time limits should be imposed on all parties, before any party presents any evidence, and sufficiently in advance of trial for the litigants to prepare for trial within the limits imposed; (3) the trial judge should inform the parties before the trial begins that reasonable extensions of the time limits will be granted for good cause shown; (4) the trial judge should develop an equitable method of charging time against each litigant's time limits; and (5) the trial judge should put all of his rulings regarding time limits and the reasons for the rulings on the record.[1]
After considering the above factors, I find that the limitations placed by the trial court on the defendants' presentation of evidence were arbitrary and unreasonable in this case, and further mandate remand *772 for a new trial. See Plaia, 229 So.3d at 493.
Finally, I would remand the exceptions to be heard prior to the new trial in this matter.

Louisiana Code of Civil Procedure article 1005 clearly states that an answer shall set forth any matter constituting an affirmative defense, and "it is clear in Louisiana that immunity is an affirmative defense that must be pleaded by a defendant or that defense is capable of being waived." Boudreaux v. State. Dep't of Transp. & Dev., 2001-1329 (La. 2/26/02), 815 So.2d 7, 12 n.13 (citing Moresi v. State Through Dept. of Wildlife and Fisheries, 567 So.2d 1081, 1086 (La. 1990) ).

Anthony Bertas, the founder and owner of ABS, testified that JCG had paid ABS for all invoices or pay applications, less the retainage fee pursuant to the Subcontract, which totaled $1,969,772.00, at the time ABS left the Project. Importantly, JCG had never shorted ABS any amounts due for work invoices.

I also note that the record (although not the trial exhibits) includes a Bond for Release of Lien, whereby JCG secured the release of ABS' liens by posting a bond to obtain such release pursuant to La. R.S. 48:256.7.